[No. 340. Decided May 26, 1892.]

GEORGE NELLE AND HERMAN A. ENGLEBRICHT, *Respondents*, v. OTTO QUADE, *Appellant*.

SALE—WHAT CONSTITUTES—EVIDENCE—PROOF OF VALUE.

Where the evidence shows that plaintiffs had sold a bill of goods to a contractor who was engaged in erecting a building for defendant, which they refused to deliver to the contractor, but which they delivered to defendant on his agreeing to pay for them, it is sufficient to uphold a contract of sale from plaintiffs to defendant.

In an action for the price of goods where the evidence shows that a bill containing the price was shown defendant; that he said he wished to inform himself as to whether the price was exorbitant before taking the goods, and that at the time of sale he said he considered the price too high by a few dollars, but that he would take them at the price mentioned, it is sufficient proof of the value of the goods to sustain a verdict for plaintiffs.

*Appeal from Superior Court, Pierce County.*

The facts are stated in the opinion.

*H. W. Lueders,* for appellant.

*Joseph Sessions,* for respondents.

The opinion of the court was delivered by

SCOTT, J.—This action was brought by the respondents to recover the value of a certain lot of window glass which they claimed to have sold to the appellant. The defense was that the goods had been sold to D. S. Moore & Co., a firm of contractors with whom the defendant had contracted for the erection of a building upon certain real estate owned by him in the city of Tacoma. It appears that the goods were originally ordered of the plaintiffs by said contractors, and were shipped from San Francisco, but instead of being consigned to said contractors, the plaintiffs had the same consigned to themselves.

The errors complained of are, that there was no evidence to sustain the verdict in that there was no proof of a sale of the goods having been made by the plaintiffs to the defendant, and for the further reason that there was no proof of the value of the goods. There was testimony to show that upon the arrival of the goods at Tacoma, the plaintiffs refused to deliver the same to the contractors, but called upon the defendant and informed him they had learned he was having trouble with his contractors, that they were irresponsible, and unable to pay for the goods, which, by the terms of the order, were to be paid for upon delivery, and in consequence of the inability of said contractors to pay, they informed the defendant they would not deliver the goods unless he would take the same and make payment therefor. It seems the defendant objected to this at first, stating that by the terms of his contract the contract-

ors were to furnish all the materials for the building, and claiming that he had already paid them more than the contract called for; but upon the continued refusal of plaintiffs to deliver the goods to the contractors, he requested further time to consider the matter, and on the day following, being accosted by the plaintiffs, the defendant directed them to deliver the goods at the building, and said he would pay for them. We think this evidence was certainly sufficient to sustain the proposition that the goods had been sold by the plaintiffs to the defendant.

As to the proof of value it appears that the price of the goods was stated to the defendant by the plaintiffs, and a bill containing the price was shown to him by them. Before agreeing to take and pay for the goods the defendant said that he wished to inform himself as to their value, or as to whether the price was or was not an exorbitant one, and at the time he told the plaintiffs he would take the goods he also told them he considered the price too high by a few dollars, but that he had to have the goods, and he had concluded to take them at the price mentioned. This, it is true, was evidence of a direct contract to pay the price stipulated, but it was also some proof of the value of the goods and sufficient to sustain a verdict. It was not objected to on the ground of variance, and the defendant was in no wise prejudiced thereby. There was no contradiction as to the value of the goods, and the point was not a contested one apparently at the trial.

The further point is also made that the court erred in its charge to the jury. It is not necessary to set out the instructions in full; it is sufficient to say that we have examined them carefully, and find no error therein. The case was fairly submitted to the jury by the court.

It seems that by some inadvertence, judgment was rendered for too large a sum, the excess being $9.06, which the respondents offer to remit. The judgment is affirmed,

and the cause is remanded to the lower court with instructions to deduct said sum of $9.06 from the judgment.

ANDERS, C. J., and HOYT and DUNBAR, JJ., concur.

STILES, J., concurs in the result.