[No. 4338.   Decided October 4, 1902.]

THE STATE OF WASHINGTON on the Relation of H. Quandt v. SUPERIOR COURT OF KING COUNTY, Boyd J. Tallman, Judge.

APPEAL — SUPERSEDEAS — STAYING TEMPORARY INJUNCTION.
   The writ of prohibition will not issue to restrain the superior court from fixing the amount of a bond to stay the execution of a temporary mandatory injunction pending appeal, where the injunction was issued upon a hearing by the court after notice given to all parties.

Original Application for Prohibition.

Fred H. Peterson, for relator.

James M. Epler, for respondent.

The opinion of the court was delivered by

ANDERS, J.—The Richelieu Hotel and the Palmer House are adjoining buildings, situate on the east side of Occidental avenue, between Washington street and Main street, in the city of Seattle. When these buildings were constructed, only one wall was erected between them, and each of the respective owners paid one half of the cost

thereof, and also one half of the cost of the hall, stair, and elevator ways, and all rooms over the hall-way space; and they agreed in writing that the said party wall, hall, stair, and elevator ways should be maintained at the expense of the owners in proportion to their interests therein. It appears that the main entrance to these buildings is on Occidental avenue, and that, on the first floor, a hall extends back from the entrance to an elevator, which is in the Richelieu Hotel building, and to a stairway, which is in the Palmer House. It further appears that the said elevator and stairway connect with a hall on the second floor of the buildings which affords ingress and egress to and from the said elevator and stairway for both of the buildings, and that said hall is reached from the Richelieu Hotel through an archway in the wall next to the main portion of said building. One Thomas Winsor is conducting a hotel business in the Richelieu Hotel building, and the German Savings & Loan Society, a corporation, or the relator herein, H. Quandt, as its lessee or agent, is carrying on a like business in the Palmer House. On April 24, 1902, the said Thomas Winsor instituted an action in the equity department of the superior court of King county against the said German Savings & Loan Society and the said H. Quandt, and alleged in his complaint, in substance, among other things, that the said defendants themselves, and by their agents, servants, and employees, had placed at the archway in the hall of the Richelieu Hotel building fire proof shutters, and had from time to time closed and locked the same when there was no fire, and no apprehension of any, and solely for the purpose of preventing the plaintiff and his guests from going to and from his hotel by way of the front entrance, stairway, and elevator above described; that the placing of side shutters upon the said premises was a trespass, and a violation of the said party-

wall agreement; and that the plaintiff had as many as
three times taken said shutters down, or unlocked or bro-
ken them, but the defendant again replaced and locked the
same; that, when these shutters are thus closed and locked,
the guests of the Richelieu Hotel are unable to reach said
stairway or elevator, and are put to such inconvenience and
annoyance thereby that they quit said hotel as guests; that
lodgers, and the public generally, wishing to stop at the
Richelieu Hotel, are unable, because of these iron shutters,
to gain admission to said hotel by the said front entrance;
that the plaintiff is constantly sustaining great loss on ac-
count of the inability of persons to use the main entrance to
his hotel, and has already sustained damages amounting to
$250, and unless he can obtain relief from the court his
damage will be irreparable, and that unless the defendants
are restrained by the order of court the plaintiff will be
without adequate remedy, and will suffer great and irrep-
arable injury.   The prayer of the plaintiff is for a writ of
injunction restraining and inhibiting the defendants from
placing in said hall of said building shutters at the place
mentioned, or any obstructions which interfere in any way
with the occupants of said Richelieu Hotel in passing to
and from said hotel by the main entrance on Occidental
avenue, or which will in any way hinder or impede said
occupants from reaching said stairway and elevator; that
an emergency exists demanding the issuance of a restrain-
ing order; and that upon a final hearing the said injunc-
tion be made perpetual; and for such other and further
relief as may be equitable.

Upon presentation of said complaint and an affidavit, a
restraining order was made, restraining and prohibiting
the defendants from closing, or in any way keeping closed,
the shutters mentioned in the complaint; and the hearing
was set for April 28, 1902, to show cause why an injunc-

tion should not issue.   On that day, all parties being in
court by their attorneys, the plaintiff moved for a manda-
tory injunction, which, after argument of counsel, was or-
dered to be issued, commanding the defendant to unlock,
and keep open, the shutters in the complaint mentioned;
which order, omitting the title and number of the cause, is
as follows:

"This cause coming on to be heard, on the order hereto-
fore made on the defendants to show cause; and the defend-
ant, H. Quandt, having asked for a continuance of the hear-
ing; and it appearing to the court that the hallway in the
complaint mentioned is obstructed by the shutters in said
complaint, it is therefore ordered that said defendant
Quandt unlock and open said shutters, or take the same
down, immediately upon the service of this order, and, in
the event that said Quandt cannot be found, that then the
plaintiff be authorized to unlock and open said shutters,
or to remove the same."

On April 30, 1902, the defendant Quandt demurred to
the complaint, and the court sustained the demurrer.   On
May 6, 1902, the defendant Quandt moved to dismiss the
complaint, and the plaintiff, on the 10th day of that month,
asked and obtained leave to file a supplemental complaint.
The defendant Quandt demurred to the supplemental com-
plaint, which demurrer was sustained, and the plaintiff
thereupon, by leave of the court, filed an amended supple-
mental complaint.   A demurrer to this complaint was also
sustained, and the action dismissed on June 14, 1902, and
the plaintiff thereupon appealed.   Thereafter, and on June
17, 1902, the plaintiff requested the court to fix the amount
of the bond to be given by plaintiff to keep in force the in-
junction theretofore issued, which the court was disposed
to do; and to prevent such action on the part of said supe-
rior court, and the judge thereof, the defendant Quandt
applied for and obtained from this court an alternative

writ of prohibition, commanding the Hon. Boyd J. Tallman, as judge of said court, to desist and refrain from any further proceedings in the matter of granting an order fixing the amount of a supersedeas bond in said action on appeal, for the purpose of continuing in force and effect the said restraining order (so-called in said writ) and approving a bond therein for that purpose, until the 25th day of June, 1902, and until the further order of this court, and to show cause before this court at the court room in the city of Olympia, at the hour of 10 o'clock a. m. of said last mentioned day, why he should not be absolutely restrained and prohibited from any further proceedings in such suit or matter.

On the day specified in said writ, the said judge filed his return thereto, setting forth therein the proceedings ·had and taken in the said original action, and which we have hereinbefore mentioned, and asked that the prayer of the relator be denied. It is here contended, on the part of the relator, that the order of the court directing the relator herein to "unlock and open said shutter, or take the same down, immediately upon the service of this order," cannot legally be continued in force during the pendency of the appeal, and that the judge of the superior court has no right or authority of law to approve or fix the amount of a bond for such purpose. A contrary view is entertained by the respondent, and in his behalf it is urged that our statute affords full and complete authority for the contemplated action, on the part of the respondent, which the relator now seeks to prohibit. We think the respondent's interpretation of the law is the correct one, in view of the facts disclosed by the record. It is true, this court held in *State ex rel. Miller v. Lichtenberg,* 4 Wash. 407 (30 Pac. 716), and in *Coleman v. Columbia & P. S. R. R. Co.,* 8 Wash. 227 (35 Pac. 1077), that a restraining order, under the

statute therein referred to, issued without notice to the defendants, on the ground of a temporary emergency, cannot be kept in force by plaintiff during the pendency of an appeal. But the order of the learned judge of April 28, 1902, as above set forth, is something more than a mere restraining order issued without notice to the defendants on the ground of a temporary emergency, and, therefore, the cases above mentioned are not applicable here. It was evidently considered by the judge who made it, and rightly so, we think, as a temporary mandatory injunction. It was issued after notice to all parties, and a hearing by the court, and, in our opinion, it is just such a "temporary injunction" as may properly continue in force during the pendency of an appeal, under § 6507, Bal. Code (Laws 1893, pp. 123-4), which provides as follows:

"In all cases where a final judgment shall be rendered by any superior court of this state in a cause wherein a temporary injunction has been granted, and the party at whose instance such injunction was granted shall appeal from such judgment, such injunction shall remain in force during the pendency of such appeal, if, within five days after service on him of notice of the entry of the final judgment, such appellant shall file with the clerk of the superior court a bond, with one or more sufficient sureties, in a penalty to be fixed by said court, conditioned that the appellant shall pay to the respondent all costs and damages that may be adjudged against the appellant on the appeal, and all costs and damages that may accrue to the respondent by reason of the injunction remaining in force."

Manifestly, the judgment appealed from by Mr. Winsor was a final judgment, and, inasmuch as the temporary injunction in question was granted at his instance, it seems quite clear to us that he has the right, under the above quoted provision of the statute, to file a bond with sufficient sureties in a penalty fixed by the court, and thereby con-

tinue in force and effect such injunction during the pendency of his appeal; and, that being so, it follows that the peremptory writ of prohibition should be denied, and the petition discharged, at the cost of the relator, and it is so ordered.

REAVIS, C. J., and FULLERTON, HADLEY, MOUNT, WHITE and DUNBAR, JJ., concur.