[No. 4399.   Decided December 22, 1902.]

F. E. LANGFORD, *Administrator, Appellant,* v. ALONZO M. MURPHEY *et al., Defendants.*   JOHN L. WILSON, *Respondent.*

ACTIONS — WANT OF PROSECUTION — DISMISSAL.

The dismissal of an action which had been pending for seven years without action upon defendant's demurrer to the complaint would not be an abuse of the court's discretion; nor would the fact that the statute permits a defendant the right to bring a case on for hearing deprive the court of its power to clear its docket of stale actions.

Appeal from Superior Court, Spokane County.—Hon. GEORGE W. BELT, Judge.   Affirmed.

*Happy & Hindman,* for appellant.

*F. T. Post, C. R. Voorhees* and *Reese H. Voorhees,* for respondent.

PER CURIAM.—The original suit was brought on the 31st of December, 1891, but was not tried until July 6, 1893, and judgment was obtained March 10, 1894, over two years from the beginning of the suit.   To this suit respondent was not made a party.   On January 3, 1895, suit was brought to subject the respondent personally to the judgment in the original proceeding.   The respondent demurred to the complaint on the 8th of May, 1895, and the appellant noticed the demurrer for hearing for the 13th

of May, 1895. The demurrer was not passed upon, and nothing whatever was done in the case until March 4, 1902, when the appellant moved to strike said demurrer from the files. On March 19, 1902, the respondent moved to dismiss the case for want of prosecution, which motion was granted, and judgment of dismissal entered. From said judgment this appeal is taken.

It will thus be seen that in addition to the slow prosecution of the case before the original judgment was obtained, there was a virtual abandonment of the action from the 8th of May, 1895, until March 4, 1902. The discretion of the court in dismissing this action, under the circumstances shown by the record, cannot be questioned, nor do we think that the fact that the statute permits the defendant to bring a case on to hearing deprives the court of its unquestioned common-law, if not inherent, power to clear its dockets of abandoned or stale actions.

The judgment is affirmed.