[No. 5609. Decided September 7, 1905.]

LYDIA HOFFMEISTER *et al., Appellants,* v. RENTON CO-OPERATIVE COAL COMPANY *et al.,* *Respondents.*[1]

ACTIONS — DISMISSAL FOR FAILURE TO PROSECUTE — LACHES. An action of ejectment is properly dismissed for laches of the plaintiffs in failing to prosecute it, where it appears that they waited until within eight days of ten years before bringing the action, took five years to bring it to an issue of fact, and then for fifteen years did nothing towards bringing the issue to trial, being all the time under no disability; especially where speculative interests are in control and the right doubtful and without moral support.

Appeal from a judgment of the superior court for King county, Hatch, J., entered September 6, 1904, dismissing a proceeding to vacate a judgment, upon sustaining demurrers to the petition. Affirmed.

*Joseph M. Glasgow,* for appellants.

*Piles, Donworth, Howe & Farrell,* and *Hugh A. Tait,* for respondents.

FULLERTON, J.—This is an appeal from an order refusing to vacate and set aside a judgment of dismissal. While the petition for the vacation as filed contains some 108 pages of closely printed matter, its salient points can be summarized in much fewer words. In brief, the case is this: On June 15, 1872, one David Maurer obtained title, under

[1] Reported in 82 Pac. 127.

the preemption laws of the United States, to a certain quarter section of land, situated in King county, in this state, and on March 20, 1873, conveyed the same, as an unmarried man, to one Robert Abrams, who at once entered into possession of the property. Maurer died intestate on April 17, 1873. On February 28, 1874, Abrams and wife conveyed the property to one Ruel Robinson, who in turn on May 18, 1874, conveyed it to the Renton Coal Company, the predecessor in interest of the respondent.

On March 12, 1883, Sarah Maurer, claiming to be the widow of David Maurer, and certain other persons, all adults, claiming to be children of David and Sarah Maurer, and heirs at law of David Maurer, began an action of ejectment, in the then district court of the territory of Washington, holding terms in King county, against the Renton Coal Company, and others, then in the possession of the land, to recover the same. Various motions and demurrers were filed in the action, which were heard and determined by the court, the case finally reaching an issue on a question of fact on May 26, 1888. Prior to this time, commissions to take depositions had been issued, and the depositions of certain of witnesses had been taken and returned, but no movement in court to put the case to trial was thereafter taken by either party.

On November 20, 1900, the respondents moved the court to dismiss the action, serving notice of its motion on the attorneys who had last represented the plaintiffs. Certain of the petitioners were then in Seattle, and consulted with various attorneys concerning their legal rights, finally employing one J. C. Zonig, who employed William Martin to represent them on the hearing to be had on the motion to dismiss. This motion was called up on February 26, 1901, at which time a judgment dismissing the action for want of prosecution was entered.

On January 21, 1902, the appellants filed their original

petition to vacate and set aside the last mentioned judgment. To this, several amendments were made, resulting in the one now before the court. To the last petition, the respondents demurred, which demurrer the court sustained, and on the refusal of the appellants to plead further, entered an order dismissing the petition. It is from this last mentioned order that this appeal is taken.

The order appealed from was properly entered. Conceding that the appellants have shown cause sufficient to excuse their failure to appeal from the judgment of dismissal, we think they have failed to show any cause for vacating that judgment. The cause of action they now seek to prosecute arose in 1873. The plaintiffs were then all adults, suffering from no legal disability which rendered them incapable of prosecuting the action in their own right; yet they waited within eight days of ten years, before bringing their action at all, took five years more to bring it to an issue of fact, and then for nearly fifteen years did nothing looking towards bringing the issue to trial. Had the petitioners been laboring under some disability, rendering them incapable of prosecuting the action individually, for the whole, or some considerable portion, of this period, they might, with some reason, claim that the neglect of the persons to whom was intrusted the duty of prosecuting it should not be visited upon them, but the excuses here offered are barren of everything that appeals to the conscience of the court. The record presents a case of neglect, pure and simple, by those in whom the right of action originally vested, and contains a very pregnant admission that its sudden revival owes its origin to the fact that speculative interests are now in control. While it is true that a rightful cause of action should not be turned down merely because it is prosecuted by persons who have a speculative interest in its result, yet this is an element worthy of consideration when the right to further prosecute is a matter of discretion with the court, and especially is it so when

the cause of action is, at best, doubtful, or where its successful prosecution will deprive persons of property to which they are morally entitled, and would be legally so but for a mistake of law made at the time they acquired it. Without, therefore, reviewing the facts further, we are of the opinion that the case is not one that calls for the further intervention of the courts, and the order appealed from will stand affirmed.

MOUNT, C. J., HADLEY, RUDKIN, CROW, ROOT, and DUNBAR, JJ., concur.