[No. 5271. Decided September 18, 1905.]

FIRST NATIONAL BANK OF FOND DU LAC, *Appellant, v.*
FRANK HUNT *et al., Respondents.*[1]

ACTIONS—DISMISSAL—FAILURE TO PROSECUTE—DELAY OF THREE
YEARS—PLACING CLAIM WITH COLLECTION AGENCY. It is not an abuse
of discretion to dismiss an action for want of prosecution where
there was a delay for three and one-half years, after the filing of a
demurrer, to further prosecute the action, and the plaintiff had
placed the claim with a collection agency independently of the action.

Appeal from a judgment of the superior court for Walla
Walla county, Brents, J., entered February 16, 1904, after
a hearing upon affidavits, dismissing an action for want of
prosecution upon the motion of the defendants. Affirmed.

*McDonald & Rupp,* for appellant.
*Sharpstein & Sharpstein,* for respondents.

PER CURIAM.—This appeal is from an order of the lower
court dismissing the action for want of prosecution. The
action was begun against respondents on June 19, 1900,
to recover upon two judgments, the liens of which were about
to expire. On July 9, 1900, the respondents filed a de-
murrer to the complaint, upon the grounds that the com-
plaint failed to state a cause of action, and that the action
was barred by the statute of limitations. No further pro-
ceedings were taken by either party until February 5, 1904,
when respondents filed a motion to dismiss the case for want
of prosecution. In response to this motion, appellant filed
affidavits seeking to justify the delay by reason of the fact
that respondents had no property out of which a judgment
might be satisfied. It was apparently conceded that the
claim had been placed in the hands of a collection agency
for collection independent of this action. On the hearing of
the motion, the lower court dismissed the action for want

[1]Reported in 82 Pac. 285.

of prosecution. It will thus be seen that, after the action had been brought and an issue of law raised upon the pleadings, it was allowed to remain dormant for nearly three and one-half years. This fact of itself is *prima facie* sufficient to show an abandonment of the action. In addition to this fact, the appellant subsequently placed the claim in the hands of an Eastern collection agency for collection independent of the action. Under these facts, we are clear that the lower court did not abuse its discretion in dismissing the cause. *Langford v. Murphy,* 30 Wash. 499, 70 Pac. 1112.

The judgment appealed from is affirmed.