[No. 8417.   Department One.   February 19, 1910.]

HENRY REHMKE, *Administrator, etc., Appellant,* v. JOHN B. FOGARTY *et al., Respondents.*[1]

APPEAL—RECORD—AFFIDAVITS.  The dismissal of an action for want of prosecution, heard upon affidavits, cannot be reviewed on appeal where the affidavits are not brought up by a statement of facts.

DISMISSAL AND NONSUIT—FAILURE TO PROSECUTE.  No abuse of discretion appears in the dismissal of an action for want of prosecution, where more than six years elapsed after the filing of answers before any steps were taken, and plaintiff only then moved for judgment on the pleadings after defendants' motion to dismiss.

· Appeal from a judgment of the superior court for Kittitas county, Preble, J., entered April 22, 1909, dismissing an action to foreclose a mortgage for failure to prosecute.  Affirmed.

*L. A. Vincent,* for appellant.

*Henry J. Snively,* for respondents.

PER CURIAM.—Appeal from judgment of dismissal for want of prosecution, and from order denying motion for judgment on pleadings.

The action was commenced in October 8, 1900, to foreclose a mortgage dated October 10, 1894, given to secure the payment of a note dated October 9, 1894, and due one day after date.  Defendants appeared, filed answers, and the cause was set for trial.  At the trial the court made an order directing the bringing in of a new party, which order was filed September 8, 1902, an amended complaint was filed on the same day, and on September 15 the new parties filed an answer.  No steps were taken in the cause until September 22, 1908, when defendant Fogarty moved to dismiss for want of prosecution.  April 8, 1909, plaintiff moved for judg-

¹Reported in 107 Pac. 184.

ment on the pleadings; and on April 22, 1909, the court denied judgment on the pleadings, and dismissed the action for want of prosecution. Affidavits seem to have been presented to the court upon the hearing of the motion to dismiss; but no statement of facts having been brought up, we are unable to review what was before the court at the hearing, and are confined to the motions and rulings thereon.

From the record before us we cannot say that the court abused its discretion in granting the motion to dismiss for want of prosecution. There seems to have been little, if any, diligence displayed in the commencement of the action and its prosecution thereafter. More than six years elapsed from the filing of answers before any other steps were taken, and then it is defendants who move to dismiss. In *Langford v. Murphey*, 30 Wash. 499, 70 Pac. 1112, no move was made in the case for seven years, and in *First Nat. Bank of Fond du Lac v. Hunt*, 40 Wash. 190, 82 Pac. 285, nothing was done for three years, and we sustained a dismissal upon the ground here urged. These cases are decisive of the appeal. Having reached this conclusion, we do not review the ruling of the lower court on the motion for judgment.

Judgment affirmed.