[No. 11524. Department Two. July 3, 1914.]

S. E. GIBBENS, *Respondent*, v. WILLIAM NIPP *et al.*,
*Appellants*, and G. M. STAPISH, *Defendant*.[1]

APPEAL—RECORD—AFFIDAVITS. In the absence from the record of affidavits used against an application to dismiss an action for want of diligence in prosecution, the supreme court cannot say there was an abuse of discretion in overruling the motion.

ACTIONS—PROSECUTION—DILIGENCE—PRESUMPTION. The presumption from long delay of want of diligence in the prosecution of an action may be overcome by showing a reasonable excuse.

BILLS AND NOTES—HOLDER IN DUE COURSE—EVIDENCE—SUFFICIENCY. That plaintiff was the holder of notes in due course is established without substantial dispute, where her testimony was that she paid full value, on purchasing the notes as an investment, upon recommendation of a third party and knowledge of the financial standing of the maker, the only evidence of prior notice being a brief indefinite conversation with a stranger of a general nature without reference to the notes, before plaintiff contemplated purchasing them.

[1]Reported in 141 Pac. 689.

Appeal from a judgment of the superior court for Grant county, Steiner, J., entered March 25, 1913, in favor of the plaintiff, notwithstanding the verdict of a jury rendered in favor of the defendants, after a trial on the merits. Affirmed.

*Guy T. Walter* and *Martin & Wilson*, for appellants.

*Hibschman & Dill*, for respondent.

FULLERTON, J.—The respondent brought this action to recover upon two certain promissory notes, dated October 1, 1901, executed and delivered by the appellant William Nipp to G. M. Stapish, in consideration of the purchase price of a threshing machine. The notes were endorsed to the respondent by G. M. Stapish for a valuable consideration shortly after their execution, and action was begun thereon in May, 1904. The appellants, in their answer to the complaint, denied that the respondent was a holder in due course of the notes, and pleaded failure of consideration therefor. The action was finally called for trial in January, 1913, at which time the appellants moved to dismiss the same for want of diligence in its prosecution. The motion was overruled, and the trial proceeded with before a jury, which returned a verdict in favor of the appellants. The respondent, within due time, thereafter moved for judgment notwithstanding the verdict. This motion the trial court granted, entering a judgment for the respondent for the sum demanded in the complaint.

The appellants first assign error on the order of the court refusing to grant their motion to dismiss the action for want of diligence in its prosecution. But we think the record in this court insufficient to enable us to review the question. When the motion was brought on for hearing, the respondent made a showing tending to excuse the delay, and the record contains this showing only partially; certain affidavits considered by the court not being included therein. While undoubtedly a presumption of want of diligence arises from long

lapse of time (*Langford v. Murphey*, 30 Wash. 499, 70 Pac. 1112; *First Nat. Bank of Fond du Lac v. Hunt*, 40 Wash. 190, 82 Pac. 285; *Rehmke v. Fogarty*, 57 Wash. 412, 107 Pac. 184), such a presumption is not conclusive, and can be overcome by a showing of a reasonable excuse. As the trial judge found the excuse offered in this instance sufficient, we cannot say he abused his discretion in so finding, in the absence of all of the facts he had before him when passing upon the motion.

On the merits of the cause, the court ruled that there was no substantial evidence to dispute the respondent's contention that she was a holder in due course of the instruments sued upon. With this conclusion, we are constrained to agree. She testified that she purchased the notes as an investment shortly after they were executed, paying their full face value therefor, on the recommendation of a third person having knowledge of the character and financial standing of the maker. In this she is corroborated, both by the original payee of the notes and by the person who recommended them to her, and there is no evidence in the record to the contrary. In seeking to charge her with notice, the appellant William Nipp detailed a conversation he claimed to have had with her concerning the purchase of the threshing machine prior to the date she gives as the time of her purchase of the notes. But aside from the fact that there are many circumstances in the record which tend to show that he was probably mistaken as to the identity of the person with whom he talked, we think all his testimony can be taken as true and still the respondent not be charged with notice. According to his statement, the respondent and himself were comparatively strangers at the time (the respondent, in so far as the record shows, did not even know his name); the conversation was had while he was paying for a meal which he had eaten at the respondent's restaurant, and was brief in time and general in its nature; no specific transaction was described, and nothing was said definitely pointing to these particular notes as being

a part of the transaction to which he referred. It will be remembered that the respondent was not then contemplating purchasing the notes in suit, and then had no thought that she would ever have any interest in the transaction. It is not, therefore, possible that the talk impressed her more than the many other complaints she had undoubtedly heard from persons whose business troubles were worrying them, and to which the exigencies of her business situation compelled her to politely listen. She purchased the notes before their maturity on the belief that they were genuine, and it would be too much to say that the appellant's (to her) indefinite talk was sufficient to charge her with taking the notes in bad faith within the meaning of that term as it is used in the negotiable instruments act.

The judgment is affirmed.

CROW, C. J., PARKER, MORRIS, and MOUNT, JJ., concur.