[No. 15840.   Department One.   July 9, 1920.]

## BENJAMIN H. GREENWOOD, *Appellant*, v. PUGET MILL COMPANY, *Respondent*.[1]

DISMISSAL AND NONSUIT (21)—WANT OF PROSECUTION. It is not an abuse of discretion to dismiss an action for want of prosecution where no effort was made by plaintiff to bring it to trial for ten years, and repeated continuances had been granted at plaintiff's request.

ARMY AND NAVY—ACTIONS—PROSECUTION—SOLDIERS CIVIL RELIEF. A sea captain engaged in carrying munitions of war and transporting soldiers during the late war, is not within a service covered by the Soldiers and Sailors Civil Relief Act (U. S. Comp. St. Ann. Sup. 1919, §§ 3078¼ a et seq.); nor could he ask a continuance of a civil action upon a showing of fact not made in the manner required by the act.

Appeal from a judgment of the superior court for King county, Frater, J., entered September 22, 1919, dismissing an action for personal injuries for failure to prosecute. Affirmed.

*R. B. Brown* and *Cole & Dolby*, for appellant.

*Chadwick, McMicken, Ramsey & Rupp* and *John P. Garvin*, for respondent.

MAIN, J.—This is an appeal by the plaintiff from a judgment of the superior court dismissing an action for want of prosecution. On December 17, 1904, the appellant, while in the employ of the respondent, sustained a personal injury which he claimed was due to the negligence of the respondent. On October 2, 1908, he brought an action, by his guardian *ad litem*, to recover for the injury. In the complaint it was alleged that the appellant would be twenty years of age on the 13th day of November, 1908. The steps in the action prior to April 30, 1909, when the appel-

[1] Reported in 191 Pac. 393.

lant demurred to the affirmative defense in the answer, need not be detailed.

The appellant became twenty-one years of age on the 13th day of November, 1909, and sometime thereafter was substituted as a party to the action. Subsequent to this time there were no steps taken in the action prior to March 8, 1913, when the demurrer was heard and overruled. On September 29, 1915, the reply was served. On January 26, 1917, the respondent caused the case to be placed upon the trial calendar of the superior court. The appellant, a few days thereafter, filed a motion for continuance not to exceed six months. Thereafter, and during the month of May of the same year, the respondent again caused the case to be placed upon the trial calendar, and on the second of June, 1917, it was again stricken therefrom upon application of the appellant. Certain matters occurring in the action from this time to June 28, 1919, when the court entered the order directing that the cause be tried not later than September 30 of that year, need not be detailed. On September 22, 1919, the case was regularly called for trial. The appellant declined to introduce any testimony and urged a motion for continuance supported by the affidavit of one of his counsel. The motion for continuance was denied, and the appellant declining to offer any evidence, upon motion of the respondent, the cause was dismissed. The record is barren of any showing that the appellant, from the time he became twenty-one years of age until the cause was dismissed, had made any effort to bring it on for trial. This was a period of approximately ten years.

In the affidavit for continuance made by counsel for the appellant, it is stated that the appellant was a seafaring man, being captain of the steamship Edge-

comb, which was engaged in carrying munitions of war and transporting soldiers from the United States to ports in France and elsewhere in Europe, and in carrying home returning soldiers. It is stated in the affidavit that the appellant was engaged in this service since the beginning of the war with Germany and up to the time of the filing of the affidavit, which was made at or shortly before the time when the judgment dismissing the cause was entered. The action of the court in dismissing the cause was not an abuse of discretion, under the holdings of this court in similar cases. *Langford v. Murphey,* 30 Wash. 499, 70 Pac. 1112; *Hoffmeister v. Renton Co-op. Coal Co.,* 40 Wash. 48, 82 Pac. 127; *First National Bank of Fon du Lac v. Hunt,* 40 Wash. 190, 82 Pac. 285; *Rehmke v. Fogarty,* 57 Wash. 412, 107 Pac. 184. As pointed out in *Arthur v. Washington Water Power Co.,* 42 Wash. 431, 85 Pac. 28, the appellant having brought the action, the "duty was particularly upon him to see that diligence was exercised." Every effort that was made to bring the cause on for hearing was on the part of the respondent.

It is claimed, however, that, since the appellant was engaged in the performance of war duties, as above indicated, under the act of Congress of March 8, 1918, Title XVI, 1918 Statutes, commonly known as the Soldiers' and Sailors' Civil Relief act, (U. S. Comp. St. Ann. Sup. 1919, §§ 3078¼ a et. seq.) the cause should not have been dismissed. To this contention there are two answers: first, the appellant was not engaged in a service covered by the act; and second, assuming that he was engaged in such service, the showing of this fact was not made in the manner provided for in the Federal statute.

The judgment will be affirmed.

PARKER, MACKINTOSH, and MITCHELL, JJ., concur.