[No. 21684. Department Two. March 27, 1929.]

GILMAN PETERSON, *Appellant*, v. A. C. PARKER, *Respondent.*[1]

*George F. Hannan* and *Robert G. Cauthorn,* for appellant.

*Wettrick & Wettrick,* for respondent.

[1] Reported in 275 Pac. 729.

MAIN, J.—This is an appeal from a judgment dismissing the action for want of prosecution. The case was at issue and was noted to be set for trial for June 6, 1922, on which date it was stricken from the calendar. Nothing further was done until March 17, 1928, when the appellant served and filed a notice that the cause would be placed on the trial docket. Following this, and on April 2, 1928, the respondent served and filed a motion to dismiss. Affidavits in support of and against the motion were filed. The motion was heard April 11, 1928, and, as shown by the minute entry, the court ruled that it should be granted. No formal order or judgment was entered. July 10, 1928, the appellant filed a motion to have the cause reinstated, which was supported by affidavits. August 23, 1928, the court heard the motion, overruled the same and entered a judgment dismissing the action, "with prejudice."

The appellant seeks to excuse the delay in bringing the action to trial because, for a period of about two years after it was first instituted in 1922, desultory negotiations for settlement were pending. In addition to this, the appellant says that the respondent was continuously absent from the state after the action was begun and that he did not discover that respondent had property out of which a judgment should be collected until shortly prior to the time that it was noted for the trial docket in 1928. The negotiations for settlement terminated approximately six years before any effort was made to bring the case on for trial. The absence of the respondent from the state and the lack of knowledge on the part of the appellant that he had property out of which a judgment could be collected, in no manner interfered with prosecuting the cause to judgment. The court, in dismissing the action under the holdings of this court in

similar cases, did not abuse its discretion. *Langford v. Murphey,* 30 Wash. 499, 70 Pac. 1112; *Rehmke v. Fogarty,* 57 Wash. 412, 107 Pac. 184; *Loving v. Maltbie,* 64 Wash. 336, 116 Pac. 1086; *Greenwood v. Puget Mill Co.,* 111 Wash. 464, 191 Pac. 393.

The next question relates to the form of the judgment. Whether the case should have been dismissed, "with prejudice," depends upon whether the judgment was one upon the merits. Rem. Comp. Stat., § 408, in part, provides:

"An action may be dismissed, or a judgment of nonsuit entered, in the following cases: . . .

"4. By the court, when, upon the trial and before the final submission of [the] case, the plaintiff abandons it; . . ."

Section 409 provides that:

"In every case other than those mentioned in the last section, the judgment shall be rendered on the merits."

From these statutes, it would appear that, if the action is abandoned by the plaintiff upon the trial and before the final submission, the judgment is not one upon the merits. The theory upon which an action may be dismissed which has been permitted to lie dormant for an unreasonable length of time, is that of abandonment, though this is not the abandonment mentioned in the statute. In *First National Bank of Fond du Lac v. Hunt,* 40 Wash. 190, 82 Pac. 285, it is said:

"It will thus be seen that, after the action had been brought and an issue of law raised upon the pleadings, it was allowed to remain dormant for nearly three and one-half years. This fact of itself is *prima facie* sufficient to show an abandonment of the action."

If a judgment of dismissal of an action abandoned by the plaintiff upon the trial, and before final sub-

mission, should be a judgment not on the merits, it would seem to follow that an action abandoned by permitting it to lie dormant for an unreasonable time should be dismissed with a like judgment. In 18 C. J., p. 1201, it is said:

"Although it has been held that a dismissal without prejudice is not a proper practice in an action at law, in most jurisdictions where the dismissal is based on some ground not going to the merits of the case, a decree or order cannot be made precluding the party from again litigating a question touching the merits, and a dismissal which is not on the merits is usually treated as being without prejudice, although not so stated in the order."

It seems plain that a judgment of dismissal on the ground of abandonment is not one upon the merits. The including of the words "with prejudice" in the judgment would indicate that it was intended to be upon the merits. *Lindblom v. Mayar*, 81 Wash. 350, 142 Pac. 695. These words should not have been in the judgment.

The cause will be remanded to the superior court with direction to strike from the judgment the words "with prejudice."

Modified.

MITCHELL, C. J., PARKER, FRENCH, and MILLARD, JJ., concur.