[No. 4508. Decided June 26, 1903.]

REBECCA M. NEFF, *Appellant*, v. STEWART S. NEFF *et al.,*
*Defendants,* JOHN C. DORNIN, *as Executor, Respond-*
*ent.*

COMMENCEMENT OF ACTION — SERVICE OF COMPLAINT ON ATTORNEY —
AUTHORITY MUST BE SHOWN.

An order of the court dismissing an action as to one of the
defendants was not erroneous, where no original process had ever
been served upon him, but the amended complaint in the action
had been served upon an attorney, and the proofs were conflicting
as to whether or not the defendant had authorized that manner
of service.

Appeal from Superior Court, Snohomish County.—
Hon. JOHN C. DENNEY, Judge. Affirmed.

*Henry L. Strobridge* and *Merrick & Mills,* for appel-
lant.

*Brownell & Coleman,* for respondent.

PER CURIAM.—This is an appeal from an order dismiss-
ing the action as against the respondent. The original
action was commenced in the superior court for Snohomish
county in 1897 against Anna K. Neff and Stewart S. Neff
on a certain promissory note. Defendant Anna K. Neff
answered by her attorney, F. H. Brownell, but before the
matter was brought to trial she died testate, and the su-
perior court of Pierce county appointed the respondent the
executor of her will.

The appellant duly presented her claim (the one on
which this action is based) to the executor, which claim
was rejected, and thereupon she filed her motion in this
cause to substitute the respondent for defendant Anna K.
Neff, and for leave to amend her complaint and continue

her action against the respondent.  The motion was granted
June 15, 1899, but nothing further was done until 1902,
when the amended complaint was filed and served on the
former attorney of Anna K. Neff.  Thereafter respondent
made a special appearance and moved to dismiss the action
as to him, for the reason that the attorney for Anna K.
Neff had no authority to appear for or represent him in
the action; supporting his motion by the affidavit of the
attorney to that effect.  The other side sought to controvert
this contention by showing by affidavit that the respondent
had authorized the amended complaint to be served on this
attorney.  The trial court, however, as we have said,
found against the appellant, and we shall not disturb its
findings.  There was a woeful lack of diligence in the
prosecution of the action, and lapse of memory caused by
the delays can easily account for the differences of opinion
that now exist.  Moreover, no original process was ever
served on the respondent, and, if he is to be brought into
court in an irregular manner, the proofs that he has au-
thorized that manner ought to be clear and certain.  *Ash-
craft v. Powers,* 22 Wash. 440 (61 Pac. 161).  This view
of this question renders it unnecessary to discuss others
suggested.

Judgment affirmed.