(61 Misc. Rep. 73.)

### WILLNER v. MINK RESTAURANT CO.

(Supreme Court, Appellate Term.   November 24, 1908.)

1. COURTS (§ 78*)—COURT RULES.

Under Code Civ. Proc. § 977, providing that where, in the city of New York, a party has served a notice of trial and filed a note of issue for a term at which it is not tried, the action must remain on the calendar until disposed of, a rule of the New York City Court, prior to the making of a new calendar, that no action on the general calendar should be placed on the new unless a new note of issue was filed on or before September 1, 1906, and that no order should be issued restoring to its place on the calendar any cause on which a new note had not been filed on or before the above date, was void.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 276; Dec. Dig. § 78.*]

2. DISMISSAL AND NONSUIT (§ 60*)—GROUNDS OF DISMISSAL—WANT OF PROSECUTION.

It was no ground for dismissal of a cause that complainant had failed to file a new note of issue in order to get in on a new calendar, so as to prevent a prior trial of younger issues, under a void rule requiring new notes of issue in the making up of a new calendar.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 142; Dec. Dig. § 60.*]

Appeal from City Court of New York, Special Term.

Action by Max Willner against the Mink Restaurant Company. From an order of the New York City Court, granting defendant's motion to dismiss plaintiff's complaint for want of prosecution on terms, plaintiff appeals.   Reversed.

Reversing order 60 Misc. Rep. 358, 113 N. Y. Supp. 633.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Harry M. Willner, for appellant.
Reno R. Billington, for respondent.

MacLEAN, J.   Issue of fact was joined herein October 18, 1908. The cause was placed upon the calendar, and both parties noticed the action for trial for the first Monday in November, 1905.   Notwithstanding section 977, Code Civ. Proc., providing that where, in the county of New York, a party has served a notice of trial and filed a note of issue for a term at which it is not tried, the action must remain upon the calendar until it is disposed of, the making of a new calendar was ordered in the City Court for the October following, and it was ordained that:

"No action upon the general calendar shall be placed upon the new calendar unless a note of issue * * * be filed * * * on or before the 1st

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

day of September, 1906; and no orders shall be issued restoring to its place on the calendar any cause for which a new note has not been filed on or before the above date."

This was not complied with, and the cause was not put upon the new calendar. An application to excuse the oversight and place the cause upon the current calendar was denied. Then the plaintiff filed a new note of issue and got a new place for his cause on the current calendar. In the mean season younger issues reached trial. Stating this in an affidavit and charging unreasonable delay, the defendant moved for and procured an order dismissing the cause for want of prosecution unless the plaintiff paid costs of the motion to the defendant or his attorney. This is the order appealed from.

It lays a penalty for noncompliance with a rule inconsistent with the statute. Mere failure to file the new note of issue did legally not remove the cause from, or affect its place on, the calendar governed by statute. Non constat it would have been reached and tried long ago save for the ultra vires rule. It does not appear that issues actually younger on the general calendar have been tried. Of course, relief must be had from such a position, and as the plaintiff has chosen to put his cause upon the orderly, but irregular, calendar, he would better be let remain thereon, awaiting his opportunity.

Order appealed from reversed, with $10 costs and disbursements. All concur.