WILENSKY v. PHILADELPHIA CASUALTY CO.

(Supreme Court, Appellate Term.   October 16, 1911.)

1. DISMISSAL AND NONSUIT (§ 60*)—WANT OF PROSECUTION.

Where an action was commenced and issue joined in June, 1904, and was noticed for trial in December, 1904, but never appeared upon any call or day calendar for nearly seven years, it is properly dismissed for want of prosecution, and the negligence of plaintiff's attorney is no excuse.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140–152;  Dec. Dig. § 60.*]

2. DISMISSAL AND NONSUIT (§ 64*)—PARTIES ENTITLED TO OPPOSE MOTION.

Where the plaintiff's attorney was suspended from practice after the commencement of an action, and a motion to dismiss for want of prosecution was served upon the plaintiff personally, but his attorney made no objection that Code Civ. Proc. § 65, which provides for a stay of proceedings until notice to appoint an attorney in place of one deceased or

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

otherwise disqualified, had not been complied with, such objection cannot be made on appeal from the disposition of the motion.

[Ed. Note.—For other cases, see Dismissal of Nonsuit, Cent. Dig. § 106; Dec. Dig. § 64.*]

Appeal from City Court of New York, Special Term.

Action by Oscher Wilensky against the Philadelphia Casualty Company. From an order of the City Court, denying a motion to dismiss the complaint for failure to prosecute, defendant appeals. Reversed, and motion granted.

Argued before SEABURY, GUY, and COHALAN, JJ.

O'Brien, Boardman & Platt (Frank H. Platt and Livingston Platt, of counsel), for appellant.

Val. B. Baggott (Samuel Katz, of counsel), for respondent.

PER CURIAM. [1] This action was commenced and issue joined in June, 1904. It was noticed for trial for December, 1904, and a note of issue filed, and the case received a number on the calendar. Up to the time this motion was made, the case never appeared upon any call or day calendar of the City Court. In March, 1909, a motion to dismiss for failure to prosecute was made; but this motion seems to have been abandoned. Junior issues have been tried, and the case presents an unusual degree of laches on the part of the plaintiff, which is not excused by anything set forth in his affidavits. After noticing the case for trial, plaintiff took no further steps for about seven years, when defendant's present attorneys were substituted and this motion was made. That plaintiff's former attorney was negligent is no excuse.

[2] Defendant's present attorneys appeared on the return day of the motion, which had been served upon plaintiff personally, his former attorney having been suspended from practice; but the defendant's present attorney made no objection that section 65 of the Code had not been complied with, and therefore cannot raise that question now. The motion to dismiss should have been granted. The case of Willner v. Mink, 61 Misc. Rep. 73, 113 N. Y. Supp. 31, has no application.

Order reversed, with $10 costs and disbursements, and motion granted.