Lowe, Appellant, vs. Ring, Respondent.

*December 12, 1912—January 7, 1913.*

*Action: Dismissal for want of prosecution: Discretion.*

1. It is the legislative policy of this state that a plaintiff is under obligation to bring his action to trial and not permit it to unduly slumber.
2. In this case, but little effort having been made by the plaintiff to bring the case to trial during a period of five years or more after the cause had been remitted from this court to the trial court, and but a small portion, if any, of the delay having been occasioned by defendant, and very little excuse for the delay being shown, the dismissal of the action for want of prosecution was not an abuse of discretion on the part of the trial court.

Appeal from a judgment of the circuit court for La Crosse county: E. C. Higbee, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Sturdevant & Farr,* and oral argument by *L. M. Sturdevant.*

*S. M. Marsh,* for the respondent.

Kerwin, J. The court below dismissed this action for want of prosecution, and this appeal is from the judgment of dismissal. The action was commenced in 1897, three times tried in circuit court, and three times heard in this court. 106 Wis. 647, 82 N. W. 571; 115 Wis. 575, 92 N. W. 238; and 123 Wis. 370, 101 N. W. 698. The record was remitted from this court to the lower court in April, 1905, since which time little has been done by way of pressing the case for disposal.

It appears that in September, 1905, a reference was ordered, but no referee named, and none has been agreed upon, although it appears that some negotiations were had looking to an agreement upon a referee. Since the case was remitted in 1905 up to the time motion was made to dismiss, little effort has been made by appellant to bring the case to trial, and but a very small portion of the delay, if any, was occasioned by respondent. True, it is argued that the parties had

failed to agree upon a referee. But it does not appear that the appellant was at all diligent in endeavoring to obtain an agreement. And during the greater part of the time from September, 1905, up to the time motion was made to dismiss, a period of upwards of five years, no diligence whatever had been used to speed the case.

True, appellant's counsel seeks to excuse the delay to some extent, but at best the excusable period of delay is very short and would not exceed a few months, while the case has been permitted to slumber since the order of reference, about five years, during which time some witnesses have died. It is said that the evidence of the deceased witnesses has been taken on former trials. The use of such evidence on another trial might not be as efficient to the ends of justice as the evidence of the witnesses taken in open court before a jury. It is also claimed by appellant that respondent failed to use diligence in speeding the case. This can hardly be said to furnish an excuse for appellant's delay for so long a period of time. In fact practically nothing was done by appellant in the way of speeding the case from September, 1905, to January, 1910.

Appellant insists that it was as much the duty of respondent as appellant to bring the case to trial, and moreover that respondent has waived the right to insist on a dismissal. It is the legislative policy of this state that a plaintiff is under obligation to bring his action to trial and not permit it to unduly slumber, and we fail to find any warrant in the record for holding that the respondent waived the right to insist on dismissal for want of prosecution. We shall not attempt to review the conflicting claims of the parties respecting delays and attempted excuses for delays. Very little excuse has been shown for the long delay from 1905 to 1911, the time motion to dismiss was made. Upon the facts presented the case seems to be one involving in a large measure the exercise of a sound discretion on the part of the court below, and this court has held in a late case somewhat similar in facts

that such discretion will not be disturbed except in case of clear abuse. *Smith v. Carter,* 141 Wis. 181, 122 N. W. 1035.

After a careful reading of the record we are unable to say that the court below abused its discretion in dismissing the action.

*By the Court.*—The judgment is affirmed.

Vinje, J., took no part.