[No. 2135]

## J. P. RAINE, APPELLANT, *v.* SARAH P. ENNOR, BELLE B. ENNOR, AND HERBERT B. ENNOR, RESPONDENTS.

[158 Pac. 133]

1. APPEAL AND ERROR—REVIEW—PRESUMPTIONS.

In view of Rev. Laws, 4922, 5356, a judgment of dismissal is sufficient without a recital in the record that a motion to dismiss had been made; the presumption being that everything was done to lay the foundation for a valid judgment of dismissal, whether the making of a motion to dismiss, or something more.

2. APPEAL AND ERROR—REVIEW—OBJECTIONS NOT MADE BELOW.

On appeal from a judgment dismissing a suit for want of prosecution, the supreme court cannot consider the matter whether no motion to dismiss was made or argued in the trial court; counsel for plaintiff should have moved to vacate the order of dismissal for that reason, offered evidence in support thereof, and, if the court refused to vacate the order, the supreme court could have considered the question on appeal.

3. DISMISSAL AND NONSUIT—WANT OF PROSECUTION—DISCRETION OF TRIAL COURT.

Where a complaint was filed April 9, 1904, defendants brought and filed demurrers May 20, 1904, and nothing more was done in the case until June, 1913, judgment dismissing the suit for want of prosecution, plaintiff making no offer to show excusable neglect, was not an abuse of discretion on the part of the trial court.

4. DISMISSAL AND NONSUIT — MOTION TO DISMISS — BURDEN TO EXCUSE NEGLECT IN PROSECUTION.

When a motion to dismiss for want of prosecution is made in a case in which no step has been taken by plaintiff for several years, the duty rests upon him to excuse his neglect.

5. DISMISSAL AND NONSUIT—WANT OF PROSECUTION—OBTAINING INJUNCTION.

The fact that plaintiff obtained an injunction in his suit against defendants is of no importance on appeal from a judgment dismissing the suit for want of prosecution, since the obtaining of an injunction is not a move in the prosecution of a suit tending to bring it to issue or trial.

6. APPEAL AND ERROR—BRIEFS—ANIMADVERSIONS UPON OPPOSING COUNSEL.

Where statements in the reply brief of counsel for appellant reflecting upon the professional conduct of counsel for respondent are not warranted by anything appearing in the record, they are improper and will be directed to be expunged.

APPEAL from Third Judicial District Court, Eureka County; *Thomas F. Moran,* Judge.

Suit by J. P. Raine against Sarah P. Ennor and others. From a judgment dismissing the suit for want of prosecution, plaintiff appeals. **Judgment affirmed.**

*Mack & Green,* for Appellant:

The order dismissing the action should be set aside and the cause reinstated upon the calendar of the lower court. The court erred in dismissing the complaint for laches, for the reason that no motion to dismiss was ever made. The order was made without any authority, without any law to sustain it, without any hearing being given plaintiff on the motion to dismiss, and the record shows that no laches could be attributed to plaintiff in the matter. No statute or rule of practice authorizes the court, of its own motion, without notice, by rule or otherwise, and without the consent of the parties, to arbitrarily dismiss a pending cause of action at issue. (*Teller* v. *Sievers,* 77 Pac. 261; *Berggren* v. *Berggren,* 40 N. W. 284; *Hill* v. *Weber,* 15 N. W. 52; Rule X, District Court Nevada; *Shaw* v. *Railway Co.,* 32 N. J. Law, 293; *Pocuinas* v. *American Sugar R. Co.,* 130 N. Y. Supp. 162; *Delauney* v. *Herman,* 7 Fed. Cas. No. 3757.)

*J. W. Dorsey,* for Respondents:

The judgment of the lower court should be affirmed. The record discloses on the part of appellant inattention and indifference, which constitute inexcusable laches, precluding a court of equity from granting the relief sought, independently of any other question in the cause. "Equity abhors a stale claim." (*Truett* v. *Onderdonk,* 120 Cal. 581, 589; *Johnson* v. *Railroad Co.,* 18 Fed. 821.)

The rule that equity will discourage a stale demand is "peculiarly applicable where the difficulty of doing entire justice arises through the death of the principal participants in the transactions complained of, or of the witness or witnesses, or by reason of the original

transaction having become so obscure by time as to render the ascertainment of the exact facts impossible." (*Burling* v. *Newlands,* 112 Cal. 476, 502–3; *Hammond* v. *Hopkins,* 143 U. S. 250; *Bell* v. *Hudson,* 73 Cal. 285, 288–9; *Barnes* v. *Taylor,* 27 N. J. Eq. 259, 261–2; *German American Seminary* v. *Kiefer,* 43 Mich. 105, 111; *Mooers* v. *White,* 6 Jones Ch. 360, 372–3; *Teall* v. *Slaven,* 40 Fed. 777, 781–2; *Dugan* v. *O'Donnell,* 68 Fed. 777, 781–2; *Hoff* v. *Jenney,* 54 Mich. 510, 20 N. W. 563; *Lant* v. *Manley,* 71 Fed. 19.)

An action should be dismissed for the failure of the plaintiff to prosecute it with due diligence, unless he can present a reasonable excuse for his failure to prosecute. This power exists independently of statute or rule of court. (14 Cyc. 443; *Mannion* v. *Steffens,* 113 N. Y. Supp. 1018; *Notman* v. *Guffey Co.,* 128 N. Y. Supp. 20; *Holtzoff* v. *D. & O. Co.,* 119 N. Y. Supp. 47; *Oehlhof* v. *Solomon,* 120 N. Y. Supp. 925; *Langford* v. *Murphey,* 70 Pac. 1112; *Bank* v. *Hunt,* 82 Pac. 285; *Saville* v. *Frisbie,* 70 Cal. 87; *Hassey* v. *Homestead Assn.,* 102 Cal. 611; *Fleischman* v. *Menges,* 113 N. Y. Supp. 515; *Kubli* v. *Hawkett,* 89 Cal. 638.)

A defendant who does not present a cross-action with a prayer for affirmative relief need not give any attention to the cause with a view of forcing a trial, but he may remain passive, and he may rely upon plaintiff's failure to prosecute as a discontinuance of the action. (*Crosby* v. *Di Palma,* 141 S. W. 321; *McLaughlin* v. *Clausen,* 116 Cal. 487; *Kriess* v. *Hotaling,* 99 Cal. 383; *First National Bank* v. *Nason,* 115 Cal. 626; *Chipman* v. *Hibberd,* 47 Cal. 638; *Witter* v. *Phelps,* 163 Cal. 655; *Mowry* v. *Weisenborn,* 137 Cal. 110; *Gray* v. *Times Mirror Co.,* 104 Pac. 481; *Smith* v. *Carter,* 122 N. W. 1035; *Cone* v. *Jackson,* 55 Pac. 941.)

It cannot be objected that no notice of a motion was given, if counsel for each of the parties was present at the hearing of the motion and contested the same. (*Acock* v. *Halsey,* 90 Cal. 215; *Des Moines Union Ry.*

v. *District Court,* 153 N. W. 217.) It is presumed that the doings of a court of record are legal and proper, that its jurisdiction was properly acquired, that its proceedings are legal and valid, and that its decisions are 'well founded and free from error. (1 Black on Judgments, 404.) Presumptions in favor of the jurisdiction of superior courts is most frequently invoked in aid of the judgments in cases where the record is silent on the subject of the matter determined. (*Brown* v. *Vidal,* 1 Cal. Unrep. 15.)

By the Court, COLEMAN, J. :

This is an appeal from a judgment dismissing a suit for want of prosecution. The complaint was filed April 9, 1904. The defendants appeared, and filed demurrers to the complaint on May 20, 1904. Nothing more was done in the case until June, 1913, when plaintiff obtained an injunction. The suit was instituted in the district court of Eureka County. On October 9, 1913, the Honorable Peter Breen, the district judge of that county, entered an order that the Honorable Thos. F. Moran, judge of the Second judicial district, "hear and decide all matters and things connected with or involved in the case."

Section 5356, Rev. Laws, relative to transcripts on appeal from the district court to the supreme court, provides, *inter alia,* that:

"If any written opinion be placed on file  *  *  *  in the court below [district court], a copy shall be furnished, certified in like manner."

Judge Moran filed a written opinion in the case on March 6, 1914, ordering the suit dismissed.

Appellant contends that no motion to dismiss the action was either made or argued before Judge Moran, and that the action of the court in dismissing the case is absolutely null and void. There is no written motion or notice of motion to dismiss in the record, or anything to indicate that there was such a motion made, except as appears in the written opinion of Judge Moran, filed

March 6, 1914, which is part of the transcript on appeal. In his opinion Judge Moran says:

"There was no order made transferring this case to Washoe County, and by stipulation of the parties demurrer and motion to dismiss for laches were argued by the respective parties at the courthouse in Reno."

Again he says:

"As to the motion to dismiss, a more serious question is involved. * * * "

In conclusion he says:

"For the reasons stated, the motion to dismiss on the ground of laches or failure to prosecute the suit is granted, and the action is hereby dismissed."

By section 4922, Rev. Laws, it is provided:

" * * * The decision in an action or proceeding may be written or signed at any place in the state, by the judge who acted on the trial and may be forwarded to, and filed by the clerk, who shall thereupon enter judgment as directed to in the decision. * * * "

Pursuant to the section just quoted, the clerk of the district court of Eureka County, on May 23, 1914, after Judge Moran's opinion had been filed, entered up the following in the judgment book:

"This cause came on regularly for argument on demurrer on the 5th day of November, 1913, C. E. Mack, Esq., appearing as counsel for plaintiff, and J. W. Dorsey, Esq., appearing as counsel for defendants. An argument on the demurrer interposed by the defendants was argued and submitted to the court, and the court took it under advisement, and on the 28th day of February, 1914, made an order directing that the action and the complaint be dismissed for laches. Wherefore, by reason of the law and the order aforesaid it is ordered, adjudged, and decreed that said action is hereby dismissed."

The judgment order just quoted was apparently prepared by Messrs. Mack and Green, who were attorneys for plaintiff in the court below, as well as on this appeal, as their names are indorsed thereon. Thereafter, and

on June 5, 1914, Judge Moran signed a formal judgment, which was filed June 11, 1914, which recited the making by defendant of a motion to dismiss for want of prosecution, that argument was heard thereon, and a finding of lack of diligence on the part of plaintiff in the prosecution of the action and a judgment of dismissal for want of prosecution.

Counsel for appellant say in their brief that the judge had no authority to render or sign said judgment, as the court had exhausted its authority when the decision was filed on March 6. Let that be as it may, we do not think a consideration of it at all necessary in the determination of the appeal.

It is strenuously urged by counsel for appellant that no motion to dismiss was made in the lower court, and that consequently the order of dismissal is void. While the judgment entered by the clerk does not recite that a motion to dismiss was made, it does say that the court made an order directing that the action and the complaint be dismissed for laches.

1. The opinion of the trial judge at three separate places alludes to the motion to dismiss. Even if this fact is of no importance in the determination of the question before us, it seems that the judgment of dismissal is sufficient without a recital that a motion to dismiss had been made. Black on Judgments, 2d ed. p. 404, sec. 270, says:

" 'There is no principle of law better settled than that every act of a court of competent jurisdiction shall be presumed to have been rightly done until the contrary appears. This rule applies as well to every judgment or decree rendered in the various stages of their proceedings, from the initiation to their completion, as to their adjudication that the plaintiff has a right of action. Every matter adjudicated becomes a part of their record, which thenceforth proves itself, without referring to the evidence on which it has been adjudged.' Hence, jurisdiction having been once acquired over the

parties and the subject-matter, every presumption is in favor of the legality of the judgment."

This court, in *Blasdel* v. *Kean,* 8 Nev. at page 308, says:

"But every legal intendment is in favor of the validity of the judgment, and the presumption arises that other evidence was introduced which established the sufficiency of service of summons to the satisfaction of the district judge."

So in the case at bar, where the record is silent, there is a presumption that everything was done to lay the foundation for a valid judgment of dismissal, whether the making of a motion to dismiss, or something more.

2. Counsel for appellant in their reply brief stated what purported to be facts to show that no motion to dismiss was either made or argued in the lower court. This is not a matter which we can consider on this appeal. If they had been of the opinion that there had been no such motion or argument in the district court, and that the lower court had erroneously assumed that there had been, they could have made a motion to vacate the order of dismissal for that reason, and offered evidence in support thereof, and, in case of the refusal of the court to vacate the order, we could on appeal consider the question.

3, 4. It is further urged that the court abused its discretion in dismissing the action. It is almost universally held that, where the plaintiff fails to prosecute his · action with due diligence, it should be dismissed, unless he shows a reasonable excuse for his nonaction. So far as the record shows, no excuse whatever was offered by plaintiff for not having prosecuted the action.

"It is the inherent right of the courts, and therefore one existing independently of any statute, to dismiss a suit for failure to prosecute it with due diligence." (9 R. C. L. p. 206.)

"An action may be dismissed or a nonsuit granted for the failure of plaintiff to prosecute it with due diligence,

unless he presents some sufficient excuse for failure to prosecute. This power exists, independent of statute or of rule of court." (14 Cyc. 443, citing a great array of authorities.)

The facts in *Langford* v. *Murphey*, 30 Wash. 499, 70 Pac. 1112, were similar to those in this case. There the defendant demurred to the complaint, but the demurrer was not heard, and nothing further was done for nearly seven years, when the plaintiff moved to strike the demurrer from the files, and the defendant moved to dismiss for want of prosecution. The motion to dismiss was granted. It was held, on appeal, that the case was properly dismissed.

In *First National Bank* v. *Hunt*, 40 Wash. 190, 82 Pac. 285, it is said:

" * * * It will thus be seen that, after the action had been brought and an issue of law raised upon the pleadings, it was allowed to remain dormant for nearly three and a half years. This fact of itself is *prima facie* sufficient to show an abandonment of the action."

In *Streicher* v. *Murray*, 36 Mont. at page 59, 92 Pac. at page 40, it is said:

"The mere bringing of an action does not relieve a person from the imputation of laches. The lack of diligence in prosecuting it after it is brought leads to the same consequences as delay in bringing it. Witnesses die or disappear, or the facts fade from memory. The positions of the parties change, or the subject of the controversy fluctuates in value. The right sought to be enforced becomes doubtful or uncertain, or it becomes impossible for the court to administer equity between the parties with any degree of certainty. In all such cases the court will, in its discretion, refuse to entertain the action and leave the parties as they are. (*Johnston* v. *Standard M. Co.*, 148 U. S. 360, 13 Sup. Ct. 585, 37 L. Ed. 480; *Willard* v. *Wood*, 164 U. S. 502, 17 Sup. Ct. 176, 41 L. Ed. 531; 18 Am. & Eng. Ency. Law, 2d ed. 110, and collection of cases in note.) Each case must rest upon its own facts, but we think the excuse offered

for the delay in bringing the action, and then allowing it to rest without prosecution for more than nine years, is not justified by the reasons assigned either in the pleading or in the evidence. Indeed, the evidence fails to offer any substantial reason why the trial was not had sooner."

In *Just* v. *Idaho C. & I Co.,* 16 Idaho, at page 653, 102 Pac. at page 385, 133 Am. St. Rep. 140, the court uses the following language:

"The appellants further contend that the complaint fails to show that the respondents have acted with diligence, and that, on the contrary, no reason being given for the delay, the complaint upon its face shows the respondents guilty of laches and negligence in prosecuting their action. Appellants cite a great many authorities in which it has in effect been held: 'That, independently of any statutes of limitations, courts of equity uniformly decline to assist a person who has slept upon his rights and shows no excuse for his laches in asserting them. * * * Laches and negligence are always discountenanced, and therefore, from the beginning of this jurisdiction, there was always a limitation to suits in equity.' This statement of the rule is supported by the * * * authorities."

The case of *Kubli* v. *Hawkett,* 89 Cal. 638, 27 Pac. 57, is one in which a motion to dismiss was sustained. The demurrer to the complaint had been on file for over three years without having been brought to a hearing, and the affidavits filed by the parties were conflicting. It was held not an abuse of discretion to dismiss the action.

In *Stith* v. *Jones,* 119 N. C. 428, 25 S. E. 1022, it was held that it was inexcusable neglect where no steps were taken to prosecute the action for four and a half years.

See, also, *Mowry* v. *Weisenborn,* 137 Cal. 110, 69 Pac. 971; *Gray* v. *Times Mirror Co.,* 11 Cal. App. 155, 104 Pac. 481; *Smith* v. *Carter,* 141 Wis. 181, 122 N.W. 1035; *Crosby* v. *Di Palma* (Tex. Civ. App.) 141 S. W. 321; *Colorado E. Ry. Co.* v. *U. P. Ry. Co.,* 94 Fed. 312, 36 C. C. A. 263.

In *Cone* v. *Jackson,* 12 Colo. App. 463, 55 Pac. 942, it is said:

"Motions of this character [to dismiss for want of prosecution] are addressed to the sound discretion of the trial court, and, unless it manifestly appears that there has been an abuse of discretion, or that it has been arbitrarily exercised, this court cannot interfere."

By the great weight of authority, when a motion to dismiss for want of prosecution is made in a case in which no step has been taken by the plaintiff for several years, the duty rests upon him to show excusable neglect. The record in this case does not show that any offer was made by plaintiff to show excusable neglect for failure to prosecute the action. The court did not abuse its discretion in dismissing the action.

5. The fact that appellant obtained an injunction against respondents in June, 1913, is of no importance upon this hearing. The obtaining of an injunction is not a move in the prosecution of a suit which tends to bring it to issue or trial.

6. The reply brief of counsel for appellant contains certain statements reflecting upon the professional conduct of counsel for respondent in the case. Such statements are not warranted by anything which appears in the record, are improper, and are directed to be expunged.

The judgment appealed from is affirmed.