FRANCES R. HURLEY *vs.* LUCY C. FARNSWORTH, Admx.

Knox.   Opinion October 19, 1916.

*Discretion of presiding Justice in regard to rule of Court XLIV.*

Exceptions by plaintiff to order of presiding Justice dismissing action upon motion of plaintiff.

*Held;*

1. Rule XLIV of this court provides that cases remaining on the docket for a period of two years or more, with nothing done, shall be dismissed for want of prosecution, unless good cause be shown to the contrary. Whether a cause be good or otherwise must be a question of fact to be determined within the discretion of the presiding justice.

2. Exceptions lie to rulings upon questions of law only, and not to findings upon questions of fact. And a bill of exceptions, to be available, must show clearly and distinctly that the ruling excepted to was upon a point of law and not upon a question of fact; nor upon a question in which law and fact were so blended as to render it impossible to tell on which the adverse ruling was based.

Action on the case to recover for merchandise sold to defendant's testate.   Case entered in Supreme Judicial Court, April term, 1909, Knox county; continued from term to term until April term, 1912, at which term a referee was appointed.   Case was not heard by referee and at April term, 1914, the following docket entry was made: "To be heard before the September term, 1914, or dismissed."   At September term, 1915, defendant filed motion asking that case be dismissed in accordance with entry upon the docket. Case dismissed by presiding Justice, to which ruling plaintiff filed exceptions.   Exceptions overruled.

Case stated in opinion.

*Foster & Foster, and A. S. Littlefield,* for plaintiff.

*Heath & Andrews, and J. H. Montgomery,* for defendant.

SITTING:   SAVAGE, C. J., CORNISH, KING, BIRD, PHILBROOK, JJ.

PHILBROOK, J.   This action was entered at the April term, 1909. According to the docket entries it slumbered for a period of three

years. In April, 1912, a referee was appointed. For two more years the plaintiff neglected to prosecute her cause. At the April term, 1914, the entry was made "To be heard before September term, 1914, or dismissed." The plaintiff claims that there was correspondence with the referee as to assigning a date for hearing, and that conference with reference thereto was had with defendant's attorney, and contended also that no assignment and hearing was had because of the request of the defendant's attorney, and that the latter agreed and consented to this arrangement. These facts are denied by counsel for defendant. Plaintiff further contended that upon a statement of these facts the case was continued at the September term, 1914, although no special entry thereof was made upon the docket. This is also denied by defendant. Before the January term, 1915, so plaintiff says, the referee declined to act and requested that another be appointed in his place. The January term, 1915, and the April term of the same year were both allowed to pass without any action being taken to obtain a hearing either before a jury, the court or a referee. No testimony is contained in the record but the statement of the case is taken from the bill of exceptions. As above noted, the defendant denies the contentions made by the plaintiff, and at the September term, 1915, upon motion of the defendant, the action was dismissed. The plaintiff claimed that the defendant waived the docket entry, but the Justice ruled that the waiver was not supported by evidence. The decision was a question of fact, within the discretion of the Justice to pass upon.

It should be noted that Rule XLIV provides that cases remaining on the docket for a period of two years or more, with nothing done, shall be dismissed for want of prosecution unless good cause be shown to the contrary. Whether the cause be good or otherwise must be a question of fact, and a decision of such fact must be also within the discretion of the presiding Justice. In short, we see no ruling of law involved which can be properly made the subject of exception.

"Exceptions lie to rulings upon questions of law only, and not to findings upon questions of fact. And a bill of exceptions, to be available, must show clearly and distinctly that the ruling excepted to was upon a point of law and not upon a question of fact; nor

upon a question in which law and fact were so blended as to render it impossible to tell on which the adverse ruling was based." *Laroche* v. *Despeaux*, 90 Maine, 178.

Finally the plaintiff urges that if the questions involved were within the discretion of the presiding Justice there was an abuse of discretion. We cannot sustain this claim.

*Exceptions overruled.*