[Civ. No. 8103. First Appellate District, Division One.—October 19, 1931.]

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA (a Corporation), Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Knight, Boland & Christin, F. J. Kilmartin and Daniel V. Ryan for Petitioner.

Charles N. Douglas for Respondents.

TYLER, P. J.—Petition for writ of mandate.

It is claimed in the petition that the trial court erroneously made an order denying a motion of petitioner to dismiss a

certain action, in which it was defendant, on the ground that plaintiff in such action had not brought the same to trial within five years after issue joined.

The action was commenced on January 6, 1926. On June 17, 1926, defendant, petitioner herein, filed its verified answer. On February 15, 1927, plaintiff filed notice of motion to set cause for trial. The case was subsequently set for trial on October 27, 1927. On October 14, 1927, plaintiff served on defendant notice of time and place of trial. On the date set for trial the cause was continued to November 16, 1927; thence to November 28, 1927; thence to December 14, 1927. All such continuances were had at the request of the plaintiff. On December 20, 1927, a stipulation was entered into between the parties to the effect that the case might be dropped from the calendar, to be restored upon five days' notice by either party. No other stipulation was ever entered into. After the making of this stipulation, plaintiff on May 15, 1930, filed a memorandum of notice to set the cause for trial, which she abandoned. Thereafter, on August 20, 1930, she again filed a memorandum to set cause for trial. On August 25, 1931, defendant made a motion to dismiss the action on the ground that the same had not been brought to trial within five years after issue joined. Said motion was heard and denied and this proceeding followed.

 The provision of section 583 of the Code of Civil Procedure, as to dismissal of actions not brought to trial within five years after the filing of the answer, is mandatory where no stipulation in writing to extend the time has been made, and mandamus is a proper proceeding to compel a dismissal. (*Andersen* v. *Superior Court*, 187 Cal. 95 [200 Pac. 963].) There is nothing contained in the stipulation above referred to which takes the case out of the operation of the statute. A stipulation that a case be dropped from the calendar to be reset upon notice is not within the statute. (*Central Pacific R. Co.* v. *Riley*, 31 Cal. App. 394 [160 Pac. 844].) After the case was dropped from the calendar according to the stipulation, it was still the duty of the plaintiff to see that the case was brought to trial. (*Kubli* v. *Hawkett*, 89 Cal. 638 [27 Pac. 57]; *Mowry* v. *Weisenborn*, 137 Cal. 110 [69 Pac. 971].) Where the express mandatory conditions for a dismissal are clearly established and, as here, without contradiction, the

530

court is without discretion in the matter. (*Andersen* v. *Superior Court, supra,* at p. 103; *Miller & Lux, Inc.,* v. *Superior Court,* 192 Cal. 333 [219 Pac. 1006].)

Let the writ issue as prayed for.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 18, 1931.