[L. A. No. 12262. In Bank.—June 22, 1932.]

HAYWARD LUMBER & INVESTMENT COMPANY (a Corporation), Appellant, v. O. B. GREENWALT et al., Defendants; CITIZENS LAND AND LOAN COMPANY (a Corporation) et al., Respondents.

LeRoy B. Lorenz for Appellant.

No appearance for Respondents.

SEAWELL, J.—Plaintiff appeals from a judgment of dismissal entered upon the granting of a motion of the defendant Citizens Land and Loan Company to dismiss the action for want of prosecution. The appeal is presented on a clerk's transcript as provided by section 953a of the Code of Civil Procedure. Respondents have not filed a brief.

The complaint states a cause of action to foreclose a mechanic's lien for materials furnished and used in the construction of a building in the city of Bakersfield. The defendant Greenwalt, the contractor, and Beasley, the alleged owner, permitted their defaults to be entered. Defendant Ida Schmidt, alleged to have some interest in the premises, demurred generally to the complaint, while the defendant Citizens Land and Loan Company, also alleged to have some interest, demurred both generally and specially, and also filed an answer. On February 14, 1930, two years and three months after the institution of the action, the respondent Citizens Land and Loan Company noticed a motion to dismiss the cause for want of prosecution based on the provisions of section 1190 of the Code of Civil Procedure, which provides that if proceedings to enforce a mechanic's lien be not prosecuted to trial within two years after the commencement thereof, the court may in its discretion dismiss the same for want of prosecution. The demurrer of Ida Schmidt, which in the meantime had been dropped from the calendar, was restored thereto and came on for hearing with the motion to dismiss, both matters being presented by counsel for the respective parties and

submitted. It was set forth in the affidavit in support of said motion that the complaint was filed on November 23, 1927, that the answer of defendant Citizens Land and Loan Company was filed on February 23, 1928; that the demurrer of Ida Schmidt was filed January 27, 1928, "and that no further action has been taken by plaintiff either to set said cause for trial, or to have the demurrer of Ida Schmidt set down for hearing; . . . that the time for setting said cause for trial has not been extended by the defendant Citizens Land and Loan Company, nor by its attorneys, either by oral stipulation or by written stipulation; that since the date of the filing of said complaint, the title of defendants and of the defendant Citizens Land and Loan Company has been clouded, to the extent that the said defendant could not dispose of said property, nor could it take any steps to assert any of its rights under the security until the question of the validity of said instant action and of the mechanic's lien sought to be foreclosed by this said action, was determined; that defendant has suffered hardship as the result of the delay in bringing said cause to trial". The reasons why defendant could not bring said action to trial were also set forth.

The said demurrer and said motion to dismiss were argued by counsel for the respective parties on March 3, 1930, and submitted to the court for consideration and decision.

On March 7, 1930, the court rendered the following judgment: "In the above entitled action, the defendant, Citizens Land and Loan Company, a corporation, having made a motion to dismiss the above entitled action, and the said motion to dismiss the action having come on regularly to be heard in the above entitled court on the 3rd day of March, 1930, with the plaintiff, Hayward Lumber & Investment Company, a corporation, represented in open Court by its counsel, LeRoy B. Lorenz, and the defendant, Citizens Land & Loan Company, a corporation, being represented in open Court by Henry C. Mack, of Aldrich & Mack, and affidavits having been presented by both the defendant, Citizens Land & Loan Company, a corporation, and the plaintiff, Hayward Lumber & Investment Company, a corporation, and the matter having been argued and submitted to the Court for its consideration and decision, and the Court being fully advised in the premises, Now, Therefore, It is by the Court

Ordered, Adjudged and Decreed that the motion of the defendant, Citizens Land & Loan Company, a corporation, for the dismissal of the above entitled action be and the same is hereby granted and the above entitled action is hereby dismissed.''

Appellant complains of the judgment in so far as it purports to dismiss the action generally, and particularly as to respondent Ida Schmidt, but does not complain of the dismissal of the action as to respondent, Citizens Land and Loan Company, and in this connection argues that as to Ida Schmidt the action could properly be dismissed only upon notice of motion. While ordinarily there would be merit in such a contention, we are here dealing with a dismissal by the court under section 1190 of the Code of Civil Procedure, which specifically provides that if the proceedings to enforce a mechanic's lien are not prosecuted to trial within two years after the commencement thereof the court in its discretion may dismiss the same for want of prosecution. The section nowhere provides for the giving of notice of such dismissal. In the absence of an express provision for the giving of such notice, bearing in mind that the section is summary in its nature, it is our opinion that a trial court of its own motion and without notice may dismiss any action for the foreclosure of a mechanic's lien which is not prosecuted to trial within the two-year period prescribed. However this may be, the motion to dismiss and the judgment of dismissal were directed at the entire cause.

The fact that certain demurrers to the complaint remained undisposed of does not suggest a different conclusion. It is well settled that ''while a defendant may bring about a trial of the issue presented by his demurrer, it is the duty of the plaintiff to take measures to have the demurrer determined. It is incumbent upon plaintiff to use due diligence in this respect and failure to do so is ground for dismissal of the action''. (*Mowry* v. *Weisenborn*, 137 Cal. 110 [69 Pac. 971]; *Prudential Ins. Co., etc.,* v. *Superior Court*, 117 Cal. App. 528 [4 Pac. (2d) 294]; 21 Cal. Jur., p. 115, sec. 74.)

We do not find that the trial court abused its discretion in dismissing the action. The conclusion we have reached makes it unnecessary to consider the point made by the ap-

pellant that the order sustaining the demurrer without leave to amend was erroneous.

The judgment is affirmed.

Langdon, J., Curtis, J., Preston, J., Tyler, J., *pro tem.*, Shenk, J., and Waste, C. J., concurred.