[File No. 6286.]

C. J. McGURREN and Clinton Smith, Appellants, v. NOYES BROS.
& CUTLER, a Corporation, Respondent.

(256 N. W. 649.)

Opinion filed September 28, 1934.

*Alvin C. Strutz,* for appellants.
*Traynor and Traynor,* for respondent.

BURKE, J. This is an appeal from a decision dismissing an action.

The motion to dismiss was upon three grounds: (1) Rule 14 of the district court rules providing for dismissal whenever any case has been at issue, whether upon the calendar, or not, for three successive terms of court. (2) Lack of prosecution in violation of section 7598, Compiled Laws 1913. (3) Because of dissolution of the defendant corporation.

The action was commenced in June, 1928, and notice of trial was served in time to place said action on the calendar for trial at the November, 1928, term of said court. Nothing further was done and as stated in the memorandum opinion of the trial judge, who dismissed the action, the affidavits of defendant's counsel show that the defendant was led to believe that said action had been abandoned. In November, 1932, the defendant moved to dismiss the action under rule 14 of the district court rules providing for dismissal whenever any case has been at issue whether upon the calendar or not for three successive

terms of court and for the further reason that the defendant corporation had been dissolved. The motion was overruled and the case was put on the calendar for trial as a court case. The affidavits of Alvin C. Strutz and William Langer, in behalf of appellants, state, in substance, that in the month of November, 1932, the motion to dismiss was overruled and that at such time an agreement was made between counsels for plaintiffs and defendant that said case could be brought on for trial without a jury upon ten days' notice as shown by the minutes of the court and of the clerk of district court; that certified copies of said minutes of said clerk of court are attached to the affidavits and made a part thereof. The affidavits claim that the minutes of the court and the clerk show the stipulation. The November, 1932, term of said court was presided over by Judge Grimson and the records of that term do not show any stipulation.

Judge Kneeshaw presided at the November, 1933, term and in his handwriting there appears in the record this entry, namely: "To be tried to the court by stipulation on ten days' notice." This is the only reference in the record to any stipulation and it was not made in 1932 by Judge Grimson, who heard the first motion for dismissal, but by Judge Kneeshaw, who heard the motion upon which the action was finally dismissed.

Judge Kneeshaw states in his memorandum opinion that he made this entry upon statements made by Mr. Gooler, attorney of record for the plaintiffs and without the knowledge or consent of the counsel for the defendant. That counsel for the defendant did not agree at said term to try the case upon ten days' notice. Judge Kneeshaw further states that he received an affidavit from Mr. Gooler too late for consideration, but that if he had received it in time it would not have changed his decision. This affidavit is not in the record, but it is in the brief of counsel for the plaintiffs. Even if considered, we do not see how it could affect the case as it simply states a conclusion of what Mr. Gooler understood in relation to bringing the case on for trial.

Mack Traynor, attorney for the defendant, filed several affidavits in which he states that at the hearing on the motion in 1932 he did agree that if the motion was overruled the case might be placed on the calendar to be called at the next term of court for trial as a court case and that he refused to agree to its trial at any other term and there is

nothing in the record showing any agreement other than as stated in Mr. Traynor's affidavits, but even if there was a stipulation that the case might be brought on for trial on ten days' notice that would not excuse the plaintiffs for not bringing the case on for trial within five years after the commencement of the action without some reasonable excuse.

As stated in Judge Kneeshaw's memorandum opinion no excuse whatever has been shown. The record shows no action upon the part of the plaintiffs after the commencement of the action and the service of notice of trial, except to resist motions to dismiss. Even after the motion to dismiss was overruled in 1932 no attempt was made to bring the case on for trial and in March, 1934, the defendant's motion to dismiss was granted for the reason that the action had not been brought on for trial within the statutory period.

"Failure for five years to bring action to trial creates a presumption of unreasonable neglect on the part of plaintiff, entitling defendant to dismissal of action." Lambert v. Brown, 22 N. D. 107, 132 N. W. 781; Donovan v. Jordan, 25 N. D. 617, 142 N. W. 42; Comp. Laws 1913, § 7598.

The decision dismissing the action is affirmed.

BURR, Ch. J., and CHRISTIANSON and MOELLRING, JJ., and BERRY, Dist. J., concur.

NUESSLE, J. did not participate, HON. H. L. BERRY, Judge of Sixth Judicial District, sitting in his stead.