STATE OF MONTANA, ex rel., ALEXANDER B. JOHN-
STONE, Relator, v. DISTRICT COURT, LEWIS & CLARK
COUNTY, et al., Respondents.

No. 9792.

Submitted on Rehearing September 10, 1957.

Decided November 14, 1957. Rehearing Denied December 4, 1957.

319 Pac. (2d) 957.

Mr. Floyd O. Small and Mr. Clayton R. Herron, Helena, for relator.

Mr. Charles Davidson, Great Falls, Mr. Ralph J. Anderson and Mr. Stanley P. Sorenson, Helena, for respondents.

Mr. Small and Mr. Anderson argued orally.

MR. JUSTICE ANGSTMAN:

Relator seeks an appropriate writ to annul certain orders made by respondent court on January 11, 1957, and to prohibit respondents from further proceeding in district court cause No. 16386 except to enter judgment quieting title in favor of relator or to dismiss the action.

This court issued an order to show cause. On the return day, respondents filed a return and the matter was heard by this court.

The controversy arises out of proceedings in respondent court arising subsequent to the decision of this court in Sanborn v. Lewis & Clark County, 113 Mont. 1, 120 Pac. (2d) 567, being an action questioning tax title proceedings.

The petition shows that after the decision in that case, which was decided on October 2, 1941, and the rehearing denied January 3, 1942, the respondent court, the Honorable Antone J. Horsky presiding, entered an order on May 25, 1944, in conformity with this court's opinion requiring Sanborn to pay to Johnstone the sum of $1,213.41 theretofore deposited in respondent court for taxes, purchase price payments and improvements

made by Johnstone before the trial of the action in respondent court and in addition the sum of $2,041.29, being additional taxes and payments made by Johnstone to the county after the case was tried in respondent court and before the order was made.

That order recited that "if said plaintiff shall refuse and does not deposit said sum with the Clerk of the Court by June 20, 1944, this Court will enter judgment in accordance with the above-mentioned Section [being 2214, Revised Codes of 1935, now R.C.M. 1947, section 84-4158] quieting title in the defendant, Alexander B. Johnstone and against the plaintiff and will thereupon order the return of the present and existing deposit of $1,213.41 to be paid by the Clerk of the Court to said plaintiff, provided further that if said plaintiff deposits the sum of $2,041.29 with the Clerk of the Court by June 20, 1944, then this Court will enter judgment quieting title in the plaintiff, Bruce W. Sanborn and will order the original deposit of $1,213.41 plus the current deposit of $2,041.29, making a total of $3,254.70 to be paid to the defendant, Alexander B. Johnstone as provided by Section 2214."

On June 8, 1944, Sanborn filed a motion to vacate and set aside the order of Judge Horsky upon the ground that it was made without notice to Sanborn or opportunity for a hearing and that it made no allowance to Sanborn for reasonable rental during the pendency of the action.

So far as the record shows there was no order made or applied for extending the time for the payments to be made "by June 20, 1944."

This motion to set aside the order of Judge Horsky was not brought on for hearing until January 11, 1957. When it was brought on for hearing Johnstone filed a motion to dismiss the cause for failure of Sanborn to comply with Judge Horsky's order of May 25, 1944, and for laches in prosecuting the cause. This motion was overruled and Sanborn's motion to set aside the order of Judge Horsky was sustained and Sanborn was directed to prepare and file a petition or claim for rentals and

other offsets that he might claim to be owing him from Johnstone as against Johnstone's claim under R.C.M. 1947, section 84-4158.

Sanborn thereafter filed a petition for rentals which respondent court threatens to hear and consider. This petition claims rental of $500 per year, and a cost item of $211.41 which cost item was not objected to by Johnstone.

Relator questions the propriety of the order made by Judge Fall denying relator's motion to dismiss cause No. 16386, the order vacating the order of Judge Horsky and the order allowing Sanborn the privilege of filing a petition for rental and other offsets.

The respondents in this proceeding have filed a return and answer to relator's petition. They contend that it raises questions of fact which must be resolved before the legal questions can be considered. Relator takes the view that no material fact questions are presented and that the legal questions are solvable on the record as made and on the uncontroverted facts. We agree with relator on this point.

The proceeding questions the right of Judge Fall to set aside Judge Horsky's order and to deny Johnstone's motion to dismiss the action.

Judge Horsky made the order pursuant to the mandate of this court. It ordered the deposit of $1,213.41, which deposit was upheld by this court, to be paid to Johnstone and then provided for an additional payment of $2,041.29, which the order recited was for the following purposes: $858.65 subsequent taxes and $1,182.64 subsequent payments made by Johnstone to the county on the contract of purchase.

R.C.M. 1947, section 84-4158, expressly authorizes the court to require the deposit of such additional taxes. It provides in part:

"In the final judgment the court shall also determine the rights growing out of any additional taxes on said property accruing or being paid by either party during the pendency of said suit and, in said suit, the court shall have complete juris-

diction to fix the amount of taxes which should have been paid and to determine all questions necessary in granting full relief, including the power, in appropriate cases to order any assessor or other tax officer to make and certify to the court a corrected or new assessment or to do any other act or thing necessary to enable the court to do complete justice in the premises. Errors may be reviewed on appeal from the final judgment.''

This court has expressly held that the purchaser from the county is entitled to have the order requiring a deposit to include all installment payments made to the county on the purchase price. Shull v. Lewis & Clark County, 93 Mont. 408-420, 19 Pac. (2d) 901, and see Larson v. Peppard, 38 Mont. 128, 99 Pac. 136, 129 Am. St. Rep. 630. Counsel for Sanborn do not question the right to add these amounts but assert that they may not be added without the right to offset rents without notice to Sanborn, which they allege was not given. It is questionable whether the want of notice would invalidate the order in its entirety, where as here part of it was valid and in conformity with the opinion of this court, and where as to some of the other items they were easily ascertainable or a matter of record and no showing was made that they were erroneous or that a different result would, should or could have been reached had notice been given.

Whatever may be the rule in that regard it is our view that ▮ the court acted without power and authority in setting aside the order of Judge Horsky some twelve years after the order was made and in the face of a pending motion to dismiss the action for laches in its prosecution.

It has long been recognized that the courts have authority to ▮ dismiss an action for lack of diligence in its prosecution. State Savings Bank v. Albertson, 39 Mont. 414, 102 Pac. 692. This is the rule throughout the country. 27 C.J.S., Dismissal and Nonsuit, section 65, page 230; 30 C.J.S., Equity, section 115, page 530.

Here the motion of Sanborn to set aside the order of Judge Horsky was not brought on for hearing until after the lapse of

382

more than twelve years after it was filed. Courts have held a plaintiff guilty of laches in failing to prosecute his action with reasonable diligence on much shorter delay than that here. A few of the many cases so holding are the following: Raine v. Ennor, 39 Nev. 365, 158 Pac. 133 (nine years); Phillips v. Santa Ana Times, 18 Cal. App. (2d) 280, 63 Pac. (2d) 838 (three years); Congdon v. Aumiller, 79 Wash. 616, 140 Pac. 912 (seven years); Beaudette v. City of El Paso, Tex. Civ. App., 247 S.W. 895 (eight years); Lowe v. Ring, 151 Wis. 664, 139 N.W. 429 (five years); McGurren v. Noyes Bros. & Cutler, 65 N.D. 146, 256 N.W. 649 (five years); Hurley v. Farnsworth, 115 Me. 321, 98 A. 821 (five years); Wilensky v. Philadelphia Casualty Co., Sup., 131 N.Y.S. 549 (less than seven years).

It is contended that if Sanborn was guilty of laches so was Johnstone. This contention is without merit for the courts hold that while defendant has the right to call a motion of plaintiff on for hearing it is not his obligation to do so, but the obligation to prosecute the action with dilegence rests with the plaintiff. Thus in Congdon v. Aumiller, supra, the court said: "It seems consonant with reason that a plaintiff who hales a defendant into court assumes and, so long as he has the affirmative of the main issue, retains the duty of diligent prosecution. Neff v. Neff, 32 Wash. 82, 72 Pac. 1011; Arthur v. Washington Water Power Co., 42 Wash. 431, 85 Pac. 28; Rehmke v. Fogarty, 57 Wash. 412, 107 Pac. 184. As said by the Supreme Court of California in a case also closely analogous to this: " 'But it is said that it was not the duty of the appellants to have urged the hearing of the demurrer; that this should have been done by the respondents, who filed it; and hence that the court was wrong in assuming that the laches of the appellants justified a dismissal of the action. The appellants brought the action; it would seem that upon them rested the burden of prosecuting it to a finality, and that as a step in that direction, from the facts then appearing to the court, they should have taken measures to have the demurrers determined, so that the action

could progress'." [79 Wash. 616, 140 Pac. 914]. A number of cases are then cited to support the statement.

In Hayward Lumber & Investment Co. v. Greenwalt, 215 Cal. 655, 12 Pac. (2d) 445, 446, the court in treating of a like contention said: "The fact that certain demurrers to the complaint remained undisposed of does not suggest a different conclusion. It is well settled that 'while a defendant may bring about a trial of the issue presented by this demurrer, it is the duty of the plaintiff to take measures to have the demurrer determined. It is encumbent upon plaintiff to use due diligence in this respect and failure to do so is ground for dismissal of the action'. Mowry v. Weisenborn, 137 Cal. 110, 69 Pac. 971; Prudential Ins. Co. of America v. Superior Court, [117 Cal. App. 528] 4 Pac. (2d) 294; 21 Cal. Jur., page 115, section 74."

In Washington, dismissal for want of prosecution was provided for by rule of court and in State ex rel. Washington Water Power Co. v. Superior Court, 41 Wash. (2d) 484, 250 Pac. 536, 539, the court said: "The obligation of going forward to escape the operation of the rule always belongs to the plaintiff (or cross-complainant) and not to the defendant."

In Emmco Ins. Co. v. Walker, 57 N.M. 525, 260 Pac. (2d) 712, 714, the court said: "The duty rests upon the plaintiff at every stage of the proceeding to use diligence and to expedite his case to a final determination * * *."

To the same effect are United States v. Pacific Fruit and Produce Co., 9 Cir., 138 F. (2d) 367, and Inderbitzen v. Lane Hospital, 17 Cal. App. (2d) 103, 61 Pac. (2d) 514.

In Price v. Sunfield, 57 Ariz. 142, 112 Pac. (2d) 212, the court stated the applicable rule as follows: "The general rule is that it is the duty of the plaintiff to see that his case is brought up for trial within a reasonable time. While it is true that a defendant may, if he desires, call a case up for setting when it is at issue, he is not obliged to do so, and his failure does not excuse the plaintiff from the responsibility of seeing that the case is set for trial, under penalty of a dismissal. Clearly plaintiffs were responsible for the long delay."

The Price case also pointed out the prejudice to defendant in a case very similar to this by saying: "The next question is, were the substantial rights of the defendants prejudiced by the delay? Their counsel set up in their brief many reasons why this is so, but we think we need consider only one. If the case had been properly urged for trial by plaintiffs, it would in the ordinary course of affairs have been heard and determined some time in the year 1935. At that time the liability of defendants, if any, would have been definitely fixed and they could have acted accordingly. If, however, plaintiffs may now proceed with the action and recover therein, defendants may be required to pay between four and five years' rent which they would not have been liable for had the matter been determined within a reasonable time. Plaintiffs say the rent of the premises was reasonably worth $100 per month. If that be true, the delay in trial, assuming that plaintiffs recovered on their complaint, would cost defendants at least four or five thousand dollars more than they would have been compelled to pay had the case been tried with reasonable promptitude."

Plaintiff Sanborn is endeavoring according to his petition filed on January 25, 1957, to recover $500 per year rental since September, 1937.

In Sanborn v. Lewis & Clark County, supra, this court discussed and determined the question of the deposit required of plaintiff Sanborn. The court stated: "Also it is contended that the rental value of the premises during the period of occupancy since the issuance of the tax deed should be deducted from the amount allowed.

"* * * Respondents made proof of items totaling the larger sum of $2,698.75 as claimed. The findings do not show how the court arrived at the lesser sum of $711.86, and it cannot be determined therefrom whether improvements required under the lease, or the rental value of the premises, were taken into account. There was no request for specific findings showing allowances and deductions made so as to reserve those questions for review, and we find nothing in the record, and upon the

issues as made, which would justify this court in disturbing the finding of the trial court upon this point in the case." [113 Mont. 1, 120 Pac. (2d) 576]. This proceeding is an attempt to relitigate that question at least in part by asserting an offset for rentals for the period of time considered by this court in that action.

The matter may not be permitted to slumber for more than twelve years during which time Johnstone occupied the premises and during which time the claim for rentals multiplied.

We realize that ordinarily whether an action should be dismissed for want of diligence in its prosecution is a question that rests in the discretion of the court. However, here there were no facts asserted that tend in any way to furnish an excuse for the delay and hence there was nothing to move the discretion of the court. True the motion was filed in June, 1944, and Sanborn asserts that he made frequent demand upon Johnstone for possession of the land, but this does not show an excuse for not bringing the motion on for hearing.

For the unconscionable delay by plaintiff Sanborn in bringing his motion on for hearing for more than twelve years after it was filed, it must be held that he is, and has been, guilty of such laches as to bar relief and the court was in error in not sustaining Johnstone's motion to dismiss the action. It should have granted the motion with prejudice.

It is contended by counsel for respondents that the result of this opinion is to take from Sanborn his property without due process of law since he is not a party to this proceeding, and has had no notice or opportunity to be heard. There is no merit in this contention. He was the party who sought and obtained the orders in respondent court that were brought here for review in this proceeding. His counsel in those proceedings are here endeavoring to uphold the action of respondent court.

"* * * due process in the appellate courts may consist of any proceeding in keeping with the general and established principles of judicial procedure." 16A C.J.S., Constitutional Law, section 626, pages 844, 847.

Our reports are replete with cases showing that the established procedure for special proceedings designed to review orders or judgments of the district courts is for the court to be named as defendant or respondent, and for counsel representing the party interested in upholding the order or judgment of the court to appear for the court though actually representing his client, the party interested in upholding the court's order or judgment.

The situation is comparable to cases involving appeals from orders or judgments. Notices of appeal and of subsequent proceedings go to counsel and not to the parties.

Our research has disclosed but one case where this same contention was made in a proceeding where the court and not the party interested was named as defendant or respondent, and it reached the same conclusion which we have. Mores v. Eighth Judicial District Court, 65 Nev. 275, 195 Pac. (2d) 199.

Counsel for respondents contend also that if this opinion stands, the question arises as to whether it may be pleaded as *res adjudicata* in another action brought by Johnstone against Sanborn and which is pending in respondent court and which seeks to quiet title to the same lands.

We shall not undertake to dispose of that question here other than to state that whether this opinion may be pleaded or relied on as *res adjudicata* in that action does not affect our duty to decide the issues here presented as we see them. Let a writ of prohibition issue prohibiting respondent court from further proceeding with cause No. 16386 other than to dismiss the same for want of diligent prosecution.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES CASTLES and BOTTOMLY, concur.

MR. JUSTICE ADAIR:

I dissent and reserve the right to file such dissent later.