FONTANA PAVING, INC., Plaintiff and Appellant, v. KNECHT, GARRISON & TAIT ASSOCIATES, INC., et al., Defendants and Respondents.

Behymer, Hoffman & Hunt and Ralph W. Hoffman for Plaintiff and Appellant.

Fitzpatrick & Wiley, Frank W. Swann, Jr., Boller, Suttner & Boller and Best, Best & Krieger and John H. Barnard, for Defendants and Respondents.

FINLEY, J. pro tem.*—Appeal from a judgment of dismissal.

On February 16, 1961, appellant filed a complaint to foreclose a mechanic's lien. The memorandum for setting was filed

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

in July 1963. On November 6, 1963, the trial court granted respondents' motion under Code of Civil Procedure, section 1198.1 to dismiss the proceeding and this appeal followed.

The issue: whether the trial court abused its discretion in dismissing the action.

Appellant contends that there was an abuse of discretion, stating that "The theory behind section 1198.1 of the Code of Civil Procedure and the case of *Hayward Lumber & Inv. Co.* v. *Greenwalt* (1932) 215 Cal. 655 [12 P.2d 445], relied upon by the respondents in the Trial Court, is that title of the property of an owner should not be clouded for an undue period of time." And further: "Subsequent to the enactment of Section 1198.1(a) and the decision in *Hayward Lumber & Inv. Co.* v. *Greenwalt,* to wit, in 1957, the legislature added Section 1193.2 and amended the same in 1959, which section provides a means whereby an owner and others may relieve themselves of the effect of the lien on real property by recording an appropriate release bond in the county recorder's office in the county in which the property is located; that the effect of the recording of such bond is to free the property from the effect of the claim of lien and any action brought to foreclose such lien." Appellant then goes on to say that with this safeguard at the disposal of a property owner the courts should look with less favor upon a motion to dismiss and to foreclose such a lien under the provisions of Code of Civil Procedure, section 1198.1.

Respondents call attention to the fact that since the enactment of Code of Civil Procedure, section 1193.2 in 1957, section 1198.1 has been amended without any change in the provisions relating to the two year limitation and that in the same year section 1193.2 was amended both without any legislative expression of intent that the bond provision would extend the time within which to bring a lien foreclosure action to trial.

Appellant does not contend that dismissal of the action by the trial court exceeded the limits of authority prescribed by the Legislature. Both sides concede that such action was discretionary with the trial court but appellant contends that under the circumstances of the case dismissal of the action was an abuse of discretion and this court is asked to reverse on that ground. Our attention is called to such cases as *Jepsen* v. *Sherry,* 99 Cal.App.2d 119 [220 P.2d 819, 822]; *Ordway* v. *Arata,* 150 Cal.App.2d 71 [309 P.2d 919] and

*English* v. *Olympic Auditorium, Inc.*, 217 Cal. 631 [20 P.2d 946, 87 A.L.R. 1281], wherein reversals were had on the ground of abuse of discretion. But respondents point to the difference in parties and circumstances between those cases and the case at bar. In the cases cited by appellant the actions were between lienholders and owners of the respective properties upon which the lienholders had conferred a benefit. The thought of inequity and unjust enrichment seems to underlie those decisions. But here we do not have the property owner as a respondent but other lienholders who had made loans on the property under deeds of trust. The property owner was named as a defendant in the action and was constructively served after some difficulty and a considerable lapse of time, but defaulted. Therefore the cases cited by appellant are not wholly applicable here.

As respondents point out an appellate court's right to differ with the discretion reposed in a trial court lies beyond a mere difference of opinion between the trial judge and the reviewing court. As stated in *Berry* v. *Chaplin*, 74 Cal.App.2d 669, 672 [169 P.2d 453]: "An abuse of discretion is never presumed but must be affirmatively established by the party complaining of the provisions of the order. [Citing cases.] The burden is on the party complaining of the order to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice an appellate court will not substitute its opinion and thereby divest the trial court of its discretionary power."

Here both parties have set forth facts which bear upon the respective equities involved and each claim has some merit. We can see no virtue in repeating or discussing them further here. Suffice it is to say that this controversy has resolved into a balancing of equities between lienholders. The owner of the property against whom the principle of unjust enrichment might be effectively urged is not before us as a party. We cannot say that under the circumstances appearing here that there was due diligence and that the delay was unquestionably excusable. We are therefore not entitled to substitute the discretion of this court for that of the trial judge and usurp a prerogative which he is entitled to exercise without interference in the absence of obvious abuse.

The judgment is affirmed.

Coughlin, Acting P. J., and Whelan, J., concurred.