Filed 12/1/14  Midyette v. Kuetel CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MICHAEL A. MIDYETTE, | |
| Plaintiff and Appellant, | G048901 |
| v. | (Super. Ct. No. 30-2012-00536910) |
| KEVIN D. KUETTEL et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Robert J. Moss, Judge.  Affirmed.

Mazur & Brooks and Michael D. Mazur for Plaintiff and Appellant.

Cole Pedroza, Kenneth R. Pedroza and Matthew S. Levinson; Creason & Aarvig, James A. Creason and Larry A. Dunlap, for Defendants and Respondents.

## INTRODUCTION

This is not a second-bite-of-the-apple case. This appeal presents us with an apple chewed right down to its core. Appellant Michael Midyette had not one, not two, but three chances to submit admissible evidence to oppose a summary judgment motion in his medical malpractice action. Each time he failed to do so. Finally at the end of its patience, the trial court granted respondents' summary judgment motions.

Midyette has identified a very narrow issue on appeal. The only error he attributes to the trial court is failing to consider three late-filed declarations. Two of them were from him and from his attorney, both filed just before midnight on the day before the final hearing, *after* the court had issued a tentative ruling once again finding Midyette's evidentiary showing inadequate and *after* the court had explained exactly what his evidence should have been. The third declaration, filed on the morning of the hearing, was yet another attempt by his expert to get it right.

The standard of review makes the call not so much easy as unavoidable. The trial court was well within its discretion to refuse to consider declarations drafted after the court had explained how they should have looked. We therefore affirm the judgment.

## FACTS

Midyette filed a medical malpractice action against Doctors Winkle and Kuettel and their medical group after sustaining an injury during a medical procedure. Both doctors moved for summary judgment, submitting evidence the court found sufficient to support a prima facie case that they had met the necessary standard of care.

In opposition, Midyette submitted the declaration of Dr. Cantor, who opined that the defendant doctors had not met the standard of care. Dr. Cantor stated that he had formed his opinion after "review[ing] the medical records pertaining to the treatment of . . . Midyette, including laboratory and radiographic studies."

Both defendant doctors objected to Dr. Cantor's opinion as lacking in foundation, and the trial court agreed. The court continued the hearing for nearly a month to allow Midyette to submit evidence to establish a proper foundation for his expert's opinion.

Dr. Cantor tried again in an amended declaration, this time listing the records he had reviewed. Once again, the court found the evidence inadequate, this time giving Midyette's counsel a strong hint as to what was required. "There's nothing in the declaration about how the doctor got the records, you know, by subpoena or – there's no way for me to tell that this list of healthcare providers and the records he reviewed are the appropriate ones." The court continued the hearing yet again to May 31.[1]

At the continued hearing on May 31, the court stated it had not received the latest declaration from Dr. Cantor, so – despite the earlier "last chance" admonition – the hearing was continued once more, to give the court an opportunity to review the declaration and to give the doctor-defendants time to respond to it.

The final hearing on the summary judgment motion took place on June 7, 2013, nearly two months after it was first noticed for hearing. By this time, the trial court had Dr. Cantor's third attempt to authenticate the medical records forming the basis of his opinion. The court still found it insufficient. The court issued a tentative ruling on June 6, explaining exactly what should have been done to authenticate these records properly, but stating that Midyette had been given enough time to provide admissible evidence. Any further continuances would be unfair to the moving parties. Accordingly, the tentative ruling was to grant the motions.

Just before midnight on June 6, Midyette filed two declarations, conforming to the comments the court had made in the tentative ruling. On the morning of the hearing, yet another Cantor declaration was filed, once again attempting to provide

---

[1] "I am going to give you one last chance to fix this, and you better get it right. . . . [T]his is your last chance."

3

a proper foundation for his opinion. The court refused to consider these late-filed declarations, observing that they had been filed after the tentative ruling had laid out for counsel what should be done. The court granted the doctors' motions for summary judgment and entered judgment in their favor.

## DISCUSSION

As stated above, Midyette has defined the issue of this appeal very narrowly. He asserts the trial court erred when it refused to consider the three late-filed declarations. One misconception should be cleared up immediately. The trial court did *not* refuse to consider the third Cantor declaration, filed on May 24 in anticipation of the hearing on May 31. The declaration it refused to consider was the one filed on the morning of June 7, the day of the hearing. Although it is easy to lose one's way in the forest of Cantor declarations, it is plain from the record that the court declined to consider the latest iteration, not the one filed in May.

We review the trial court's refusal to consider late-filed papers for an abuse of discretion. Midyette never made a request for a continuance under Code of Civil Procedure section 437c, subdivision (h), to obtain additional time to submit opposition evidence. Nevertheless, the trial court, in an abundance of caution, gave Midyette multiple chances to submit admissible evidence

"A trial court has broad discretion under rule 3.1300(d) of the California Rules of Court to refuse to consider papers served and filed beyond the deadline without a prior court order finding good cause for late submission. [Citations.]" (*Bozzi v. Nordstrom, Inc.* (2010) 186 Cal.App.4th 755, 765.) "'An abuse of discretion is never presumed but must be affirmatively established by the party complaining of the provisions of the order. [Citations.] The burden is on the party complaining of the order to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice an appellate court will not substitute its opinion

4

and thereby divest the trial court of its discretionary power.'" (*Fontana Paving, Inc. v. Knecht, Garrison & Tait Associates, Inc*. (1965) 238 Cal.App.2d 724, 726.)

We can find no abuse of discretion here.  On the contrary, it would have been extremely problematic had the trial court considered the midnight declarations, after essentially giving Midyette turn-by-turn directions to the destination.  The court refused to allow the explanation provided in the tentative ruling to be turned into "coaching," recognizing the unfairness to the moving parties.  There was no miscarriage of justice here.

## DISPOSITION

The judgment is affirmed.  Respondents are to recover their costs on appeal.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.


5